The wife appeals from an order granting in part her post-judgment motion to amend certain *Page 935 
provisions of a divorce judgment. We affirm in part, reverse in part, and remand.
Judy Harrison Barganier and Ronald T. Barganier were divorced on December 7, 1994. The divorce judgment incorporated the terms of a negotiated settlement agreement between the parties that had been read into the record in open court. Among other things, the parties agreed that the wife was to receive $12,000 of the proceeds from the sale of an office building owned jointly by the parties. On December 13, 1994, during a telephone conversation with the parties' accountant, the wife learned that the husband had utilized an accelerated depreciation schedule in the computation of the taxes on his business, and that the accelerated depreciation had resulted in the creation of a tax liability upon the sale of the building that far exceeded the proceeds received in the sale.
The property at issue, the building that formerly housed the husband's dental practice, was sold in August 1994. The husband and wife received $20,996.20 in cash from the sale; that money was held in escrow by the closing attorney's law firm pending the resolution of the parties' divorce. In late October 1994, the husband learned from the accountant that because of the accelerated depreciation schedule used for the building, the cash received from its sale was insufficient to pay the taxes due upon the sale. In fact, the tax liability was almost double the amount that had been received by the husband and wife.
During discovery, the wife asked the husband to produce, among other things, the following:
 "1. Copies of your personal 1988 through 1993 state and federal income tax returns, together with your 1994 estimate of federal income tax and all W-2, 1099, or other appropriate forms and schedules thereto for said years.
". . . .
 "16. Any and all documents touching, concerning or relating to your net worth and the net worth of any business, firm, partnership or corporation in which you have or have had an interest since June 1, 1988 until the present date.
". . . .
 "23. Evidence of any current debts which are yours either individually or jointly with another."
The husband produced the parties' 1991, 1992, and 1993 tax returns, the 1993 return bearing a completion date of October 12, 1994. These returns contain forms on which deduction expenses for depreciation are listed. The listing of deduction expenses includes not only the depreciation of the building, but also the depreciation of equipment used in the husband's dental practice. They do not contain, however, a separate detailed depreciation schedule for the building. The husband also produced the listing agreements for the sale of the office building and the closing statement from that sale. Those documents indicate the sales price for the building and the cash proceeds placed into escrow, but do not contain any information about the effect of the depreciation schedule on the building's tax liability.
During the hearing on December 7 in which the husband's attorney read into the record the agreement reached by the parties, the attorney stated that all of the parties' liabilities were individual debts with the exception of a joint debt of approximately $52,000 to Union Bank. The husband's attorney then asked the husband whether there were any other joint debts. The husband answered, "No," and his attorney stated to the trial court that he believed that was correct. The husband's attorney then informed the court that the parties had agreed that the wife would receive $12,000 of the proceeds from the sale of their jointly owned office building, with the husband to receive the balance, and that each party would be responsible for his or her share of the taxes due on the proceeds. The divorce judgment stated:
 "13. The parties jointly owned the property located at 2920 Marti Lane, Montgomery, Alabama 36116. This property was sold on or about August 12, 1994. The net proceeds due to the parties from the sale of said property was Twenty Thousand Nine Hundred Ninety-Six and 20/100 ($20,996.20) Dollars. The Wife shall receive fifty-seven (57%) percent of *Page 936 
the proceeds ($12,000.00) and shall be responsible for her pro rata share of any and all federal and state taxes due as a result of the sale of said property. The Husband shall receive forty-three (43%) percent of the proceeds ($8,996.20) and shall be responsible for his pro rata share of any and all federal and state taxes due as a result of the sale of said property."[1]
At no time after the husband learned of the tax liability created by the sale of the property did he inform the wife or the court that the taxes due on the property would be far more than the cash proceeds that had been received.
After the wife's conversation with the parties' accountant, she filed a post-judgment motion requesting that the court alter, amend, or vacate the judgment of divorce. After a hearing, the trial court amended paragraph 13 of the divorce judgment as follows:
 "13. The parties jointly owned the property located at 2920 Marti Lane, Montgomery, Alabama 36116. This property was sold on or about August 12, 1994 and was the property used exclusively as the office of Dr. Barganier's dental practice. That the net proceeds due to the parties from the sale of said property was Twenty Thousand Nine Hundred Ninety-Six and 20/100 ($20,996.20) Dollars. Because of the manner in which this property was depreciated during the time period that the parties owned it, there is not any net gain after state and federal taxes to be distributed between the parties. Therefore, since the Court finds that said building was used primarily as the Office of Dr. Barganier, that he chose the method of depreciation used and that it is apparent that a mistake was made from the inception of the agreement between the parties that a net gain after taxes was due from the sale of this building, the Court finds in the interests of equity and justice that all the proceeds of the sale of said property is awarded to the Husband and that the Husband shall be responsible for any and all federal and state taxes due as a result of the sale of said property. The Court further finds that the information concerning the sale of said property was available to each of the parties, because the accountant [who] prepared the tax records on the property was the personal accountant of the parties. The Court further finds that it was each of the parties' personal negligence which has caused this case to be reheard on this issue. The Court specifically finds that each party's counsel has conducted himself professionally, competently and has in every way attempted to settle this case in a manner which was fair and equitable to their respective clients and especially fair to the best interests of the parties' minor children."
The dispositive issue on appeal is the wife's contention that the husband failed to comply with the discovery obligations imposed upon him by the Alabama Rules of Civil Procedure. Our supreme court discussed the rules of discovery in Ex parteDorsey Trailers, Inc., 397 So.2d 98 (Ala. 1981). AlthoughDorsey Trailers involved interrogatories, we find its discussion equally applicable to requests for production.
 " 'Generally speaking, the purpose of modern discovery is to assist the administration of justice, to aid a party in preparing and presenting his case or his defense, to advance the function of a trial in ascertaining truth, and to accelerate the disposition of suits. Beyond this, the rules for discovery are designed to eliminate, as far as possible, concealment and surprise in the trial of lawsuits to the end that judgments be rested upon the real merits of cases and not upon the skill and maneuvering of counsel.' 23 Am.Jur.2d, Depositions and Discovery, § 155 (1965). Stated otherwise, the rules seek to 'make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.' United States v. Procter and Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958); Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)."
Dorsey Trailers, 397 So.2d at 103 (emphasis added). *Page 937 
The husband argues that the wife did not ask about the tax basis of the office building or how the building was being depreciated. We disagree. Given the "purpose and broad scope of discovery," Dorsey Trailers, 397 So.2d at 104, the wife was entitled to the information about the depreciation of the building that would enable her to know the truth about the worth of the building. The wife specifically asked the husband to produce all appropriate forms and schedules in connection with the parties' tax returns; her request was broad enough to include the depreciation schedule on the office building. She also asked him for documents relative to his net worth and the net worth of his business, and she asked him for evidence of debts, either individual or joint; both of those requests were broad enough to encompass information about the tax basis in the building and the effect of the depreciation schedule. "While a party may not have a duty to search out new information, it is undisputed that a party has a duty to provide all information available to him." Id.
The husband also argues that he breached no duty relative to discovery because the same information would have been available to the wife if she had asked the accountant about it. First, we note that the fact that information is available to the wife is not a proper reason for the husband's failure to respond completely to discovery. "A claim that much of the information sought by [the opposing party] is in [that party's] possession, if true, has no bearing upon an otherwise appropriate discovery request." Dorsey Trailers,397 So.2d at 107. Second, the husband had a duty under the Alabama Rules of Civil Procedure to supplement his responses to the wife's requests for production when he discovered that the sale of the parties' building had yielded a joint tax liability rather than the "cash proceeds" that had been represented to the wife. Rule 26(e), Ala.R.Civ.P., provides as follows regarding the supplementation of discovery responses:
 "A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:
". . . .
 "(2) A party is under a duty seasonably to amend a prior response if he obtains information upon the basis of which (A) he knows that the response was incorrect when made, or (B) he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment."
When the parties sold the office building, they received approximately $21,000 from the buyer. That money was deposited in escrow to await the final resolution of this divorce action. In October, the husband learned that even though the parties had received money from the sale of the building, as a result of the accelerated depreciation schedule he had chosen to use, the proceeds would be insufficient to satisfy the taxes that would be due on the sale of the building. Thus, in late October, the husband knew that the parties had a joint tax liability, but he did nothing to correct his responses to the wife's requests for production regarding the worth of the building and their joint debts. Indeed, as late as the hearing on December 7, the husband represented to the wife and to the court that the only joint debt of the parties was an obligation to Union Bank, saying nothing about the tax liability resulting from the sale of the building.
Because the wife filed her post-judgment motion within 30 days of the entry of the divorce judgment, the trial court had jurisdiction to modify the judgment with regard to the property division. Rule 59(e), Ala.R.Civ.P.; Parr v. Parr,423 So.2d 229, 230 (Ala.Civ.App. 1982). A property agreement may be altered, amended, or vacated if one party procures the agreement by fraud or conceals assets or liabilities. Ex parteBrice, 340 So.2d 792, 794-95 (Ala. 1976); Nelson v. Nelson,408 So.2d 101, 103 (Ala.Civ.App. 1981). Our appellate courts have previously sanctioned efforts to set aside or modify divorce judgments that were obtained on the basis of information withheld from one party by the other. See, e.g., Brice,340 So.2d at 794-95 (the trial court's modification *Page 938 
of the divorce judgment was affirmed because the wife had concealed several debts from the husband and the court during negotiations regarding the terms of the parties' separation agreement); Worthey v. Worthey, 491 So.2d 953 (Ala.Civ.App. 1986) (a summary judgment entered in the wife's action to set aside the divorce judgment was reversed and the case was remanded for trial because the husband had induced the wife to sign a separation agreement by misrepresenting to the wife the parties' net worth, telling her the parties had only debts when they actually had a net worth of approximately $1,000,000). A separation agreement incorporated into a divorce judgment must be fair, reasonable, and just, and free from fraud, duress, or other coercion. Kunkel v. Kunkel, 547 So.2d 555, 556
(Ala.Civ.App. 1989).
The wife bargained throughout the parties' negotiations for $12,000 in cash, which the husband knew would be obliterated by the tax obligation. We have no way of knowing how the wife would have negotiated if she had known the truth about the tax liability. Although the trial court modified one aspect of the property division, further relief was warranted in this case. The trial court's amended judgment relieves the wife of the tax liability, but it does not put her in the same position she would have been in had she negotiated with all of the information to which she was entitled. Those aspects of the divorce judgment, as amended, regarding the parties' property settlement are due to be reversed and the cause remanded for further proceedings regarding the division of assets and liabilities.
The wife also contends that the trial court erred in finding that the personal negligence of both parties led to their mistaken impression that the sale of the building resulted in a net gain after taxes. In light of our conclusion that the husband had an obligation to produce the information for the wife, we also conclude that there was no "personal negligence" on the wife's part.
The wife has raised other issues on appeal, but because we find that the property division is due to be relitigated, as aforesaid, we need not address those issues.
That portion of the judgment relating to the division of the marital property is reversed. In all other respects, the divorce judgment, as amended, is affirmed.
The wife's request for an attorney fee on appeal is granted in the amount of $1,000. The husband's request for an attorney fee on appeal is denied.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.
THIGPEN, YATES, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs specially.
MONROE, J., dissents.
[1] We recognize that the percentages stated in paragraph 13 appear to be approximations.