[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 44 
Corey Dubose, Sr. ("the husband"), and Barbara J. Dubose ("the wife") were married in December 1988; the parties have two children. The parties separated in November 2005. The wife sought legal advice and proceeded to file the necessary pleadings for an uncontested divorce, including an answer and waiver of service purportedly signed by the husband, on January 31, 2006. On March 8, 2006, after the requisite 30 days had passed, see Ala. Code 1975, § 30-2-8.1(a), the trial court entered a divorce judgment incorporating the purported agreement of the parties.
The husband, however, according to his verified postjudgment motion,[1] believed that he and the wife intended to get a legal separation and denied ever having signed any documents pertaining to a divorce. He admitted that he had received a "docket call notice" on or about March 4, 2006, indicating that he was required to make a court appearance on March 22, 2006. Once he received the notice, the husband sought legal representation. His attorney filed a notice of appearance and an objection to venue on March 17, 2006; the husband was unaware that the judgment of divorce had been entered nine days earlier. At the docket call on March 22, 2006, the husband learned of the divorce judgment. On the following day, he filed his verified postjudgment motion. The allegations in the motion indicate that the husband was unaware that the wife had sought legal advice concerning a divorce, that the husband had not agreed to an uncontested divorce, that the husband had not signed any documents relating to the uncontested divorce, that the signatures upon any documents relating to the uncontested divorce were "a fraud," and that the husband desired that the divorce be `Vacated" on the basis of the wife's misconduct. The husband specifically requested a hearing in his motion. The husband filed his notice of appeal from the divorce judgment on April 17, 2006, before the trial court had acted on either the husband's objection to venue or his post-judgment motion.[2]
The husband's post-judgment motion was ultimately denied by operation of law. See Rule 59.1, Ala. R. Civ. P.
On appeal, the husband argues that the trial court erred in relying on the fraudulently obtained documents in entering the divorce judgment. He also argues that the trial court should have held a hearing on his "Rule 60(b)" motion and his motion objecting to venue before the expiration of the 42-day period for appealing the divorce judgment.
We must first decide whether the husband's postjudgment motion was a motion filed pursuant to Rule 59 or Rule *Page 45 
60(b), Ala. R. Civ. P. The husband entitled his motion as a "Motion to Vacate Judgment Pursuant to Rule 60(b)." The motion does not specifically enumerate which subsection of Rule 60(b) the husband relies on. However, based on the factual assertions he makes in the motion and the arguments he makes in his brief on appeal, the husband is apparently attempting to rely on subsections (3) and (4), arguing in essence that the wife's fraud in procuring the divorce makes the judgment void.[3]
Although the motion refers to Rule 60(b), it was filed within 30 days of the entry of the judgment and requests that the trial court "vacate" the judgment, which mirrors the language used in Rule 59(e). See Ex parte Johnson, 715 So.2d 783, 786
(Ala. 1998) (construing as a Rule 59 motion a motion filed within 30 days of the divorce judgment that requested that the divorce judgment be "modified" or "set aside," which the court commented was consistent with the language of Rule 59(e)). Additionally, a Rule 60(b) motion that is filed before a judgment becomes final, i.e., before the expiration of 30 days after the entry of the judgment or before a timely postjudgment motion is denied, is considered premature; however, a prematurely filed Rule 60(b) motion quickens upon the trial court's loss of jurisdiction over the judgment at the expiration of the 30-day period after its entry or after the denial of a postjudgment motion filed pursuant to Rule 50, 52, 55, or 59.Ex parte Lang, 500 So.2d 3, 4 (Ala. 1986); see alsoEx parte Gamble, 709 So.2d 67, 70 (Ala.Civ.App. 1998). Because the husband's motion was filed within 30 days of the entry of the judgment and requested, consistent with Rule 59(e), that the judgment be vacated, we conclude that it should be considered a Rule 59 motion.[4]
The trial court never held a hearing on the husband's postjudgment motion, and, therefore, on June 21, 2006, the husband's motion was denied by operation of law. See
Rule 59.1. Because we have *Page 46 
concluded that the husband's motion was a Rule 59 motion, the husband's arguments on appeal concerning Rule 60(b) are inapplicable. As noted above, however, the husband argues that he was entitled to a hearing on his motion; we agree.[5]
Generally, a movant who requests a hearing on his or her post-judgment motion is entitled to such a hearing. Rule 59(g), Ala. R. Civ. P.; Flagstar Enters., Inc. v. Foster,779 So.2d 1220, 1221 (Ala. 2000). A trial court's failure to conduct a hearing is error. Flagstar Enters.,779 So.2d at 1221. However, that error may be harmless if "`there is either no probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court.'" Kitchens v. Maye, 623 So.2d 1082,1088-89 (Ala. 1993) (quoting Greene v. Thompson,554 So.2d 376, 381 (Ala. 1989)). When there is probable merit to the motion, the error cannot be considered harmless. Ex parteEvans, 875 So.2d 297, 300 (Ala. 2003) (reversing this court's affirmance of a trial court's denial of a Rule 59 motion without a hearing when there was probable merit to the postjudgment motion).
The husband's allegations that the wife procured the uncontested divorce by fraudulently presenting forged documents, including the answer and waiver of service, to the trial court are serious allegations that, if proven to the trial court's satisfaction, would entitle the husband to have the divorce judgment vacated. Because the trial court should have considered the husband's allegations, we cannot hold that the trial court's denial of the motion by operation of law without a hearing was harmless error. See Ex parte Evans,875 So.2d at 300. We therefore reverse the judgment of the trial court denying the husband's motion by operation of law without benefit of a hearing, and we remand the cause with instructions that the trial court hold a hearing on the husband's postjudgment motion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and BRYAN and MOORE, JJ., concur.
PITTMAN, J., concurs in the result, without writing.
[1] "`A verified pleading may be treated as an affidavit and used in the action in any way in which an affidavit would be suitable[,]'" provided that the pleading "`contain[s] facts that the affiant knows to be true of his or her own knowledge and [has] a certain level of factual specificity.'" Ex parteQuinlan, 922 So.2d 914, 917 (Ala. 2005) (quoting 5A Charles Alan Wright Arthur K. Miller, Federal Practice andProcedure: Civil 3d § 1339 (2004)).
[2] Pursuant to Rule 4(a)(5), Ala. R.App. P., we held the appeal in abeyance until the post-judgment motion was denied by operation of law.
[3] Rule 60(b), in pertinent part, reads as follows:
 "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more man four (4) months after the judgment, order, or proceeding was entered or taken. . . . This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three (3) years after the entry of the judgment (or such additional time as is given by § 6-2-3 and § 6-2-8, Code of Alabama 1975) to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court."
[4] To the extent that it invoked Rule 60(b) and relied on facts that would have established "fraud . . ., misrepresentation, on other misconduct of an adverse party," Rule 60(b)(3), however, the husband's motion could also be considered in part a Rule 60(b) motion that quickened on June 21, 2006 (i.e., the date the part of the motion filed pursuant to Rule 59 would have been denied by operation of law), and remains pending. Although "`the better practice is to file a Rule 60(b) motion only when there is a final judgment in the case,' the rules do not preclude alternative pleadings."Continental Grain Co. v. Smallwood, 669 So.2d 995, 997
(Ala.Civ.App. 1995) (quoting Ex parte Vaughan,539 So.2d 1060, 1061 (Ala. 1989)). As we did in Smallwood, we note here that the husband is not attempting to "avoid the strictures of Rule 59.1 by asking this court to treat a properly filed Rule 59 motion as a Rule 60(b) motion." Smallwood,669 So.2d at 997. Because the husband, unlike the movant inSmallwood, did not specifically invoke grounds under both Rule 59 and Rule 60(b) in his motion, we decline to consider his motion as one pleading both motions in the alternative.
[5] Because the husband has mischaracterized his motion as a Rule 60(b) motion, his brief contains no citations to authority relevant to whether he was entitled to a hearing on a Rule 59 motion. In some instances, such a failure to cite authority would be fatal to his appeal, resulting in an affirmance on the basis of Rule 28(a)(10), Ala. R.App. P. However, this courtmay choose to affirm a case on the basis of Rule 28 when an appellant's brief fails to comply with the rule, but this court is by no means required to do so. SeeKirksey v. Roberts, 613 So.2d 352, 353 (Ala. 1993);Bishop v. Robinson, 516 So.2d 723, 724
(Ala.Civ.App. 1987); and Thoman Eng'rs, Inc. v.McDonald, 57 Ala.App. 287, 289, 328 So.2d 293, 295 (1976). The decision is a matter of discretion, and considerations other than compliance with the rule are integral to the exercise of that discretion. Among those other considerations are whether the argument "has been raised in a manner which is fair to all concerned," McDonald, 57 Ala.App. at 290,328 So.2d at 294; whether the appellee adequately responds to the issues raised by the appellant in brief despite the noncompliance,Bishop, 516 So.2d at 724; whether the court is able to adequately discern the issues presented, Kirksey,613 So.2d at 353; and the emphasis placed by the Rules of Appellate Procedure on reaching the merits of our cases.McDonald, 57 Ala.App. at 289, 328 So.2d at 295. In light of these considerations, we choose to address the merits of the husband's appeal despite the deficiencies of his brief. *Page 47