THOMAS, Judge.
On March 10, 2006, Jeanette R. Wicks filed a complaint for a divorce, seeking to terminate her marriage to Jeffrey R. Wicks. On September 8, 2008, having reached a divorce settlement agreement (“the agreement”), Jeffrey and Jeanette affirmed the provisions of the agreement before the trial court. In December 2008, Jeffrey moved to stay enforcement of the agreement, alleging that Jeanette had not disclosed specific assets, including two separate parcels of land valued at approximately $50,000, a condominium valued at approximately $60,000, and a certificate of deposit valued at $200,000 in her responses to his interrogatories and requests for production. On March 17, 2009, the trial court entered a final judgment of divorce, which incorporated the agreement. Jeffrey then filed a postjudgment motion alleging that Jeanette fraudulently had failed to disclose all of her ownership interest in the specific assets identified in his motion to stay enforcement of the agreement. In his postjudgment motion, Jeffrey requested a hearing pursuant to Rule 59, Ala. R. Civ. P. Without holding a hearing, the trial court denied Jeffrey’s post- *701 judgment motion.[1] Jeffrey filed a timely notice of appeal to this court.[2]
On appeal, Jeffrey argues that the trial court erred when it denied his post-judgment motion without conducting a hearing. Rule 59(g), Ala. R. Civ. P., provides that postjudgment “motions remain pending until ruled upon by the court (subject to the provisions of Rule 59.1) but shall not be ruled upon until the parties have had opportunity to be heard thereon.” This court has held that
“[g]enerally, a movant who requests a hearing on his or her postjudgment motion is entitled to such a hearing. Rule 59(g), Ala. R. Civ. P.; Flag star Enters., Inc. v. Foster, 779 So.2d 1220, 1221 (Ala.2000). A trial court’s failure to conduct a hearing is error. Flagstar Enters., 779 So.2d at 1221.”
Dubose v. Dubose, 964 So.2d 42, 46 (Ala.Civ.App.2007); see also Staarup v. Staarup, 537 So.2d 56, 57 (Ala.Civ.App.1988) (“[Rule 59(g) ] mandates that, when a hearing is requested on a motion for new trial, the hearing must be granted.”).
As Jeanette points out, this court has recognized an exception to the general rule that the denial of a postjudgment motion without conducting a requested hearing is reversible error. See Gibert v. Gibert, 709 So.2d 1257, 1258 (Ala.Civ.App.1998) (“A trial court errs by not granting a hearing when one has been requested pursuant to Rule 59(g); however, that error is not necessarily reversible error.”). “On appeal, ... if an appellate court determines that there is no probable merit to the motion, it may affirm based on the harmless error rule.” Palmer v. Hall, 680 So.2d 307, 307-08 (Ala.Civ.App.1996); see also Lowe v. Lowe, 631 So.2d 1040, 1041 (Ala.Civ.App.1993) (“Denial of a Rule 59 motion without a hearing is reversible error if the movant requested a hearing and harmful error is found.”). The Alabama Supreme Court has stated:
“Harmless error occurs, within the context of a Rule 59(g) motion, where there is either no probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court.”
Greene v. Thompson, 554 So.2d 376, 381 (Ala.1989). However, “[w]hen there is probable merit to the motion, the error cannot be considered harmless.” Dubose, 964 So.2d at 46.
*702 In Dubose, this court considered whether the failure to hold a hearing on the husband’s postjudgment motion, which had been denied by operation of law, was harmless error. Id. at 46. The wife in Dubose had sought an uncontested divorce and had filed the necessary pleadings, including a waiver of service and an answer allegedly signed by the husband. Id. at 44. The trial court had entered a divorce judgment that incorporated an alleged agreement between the parties. Id. In his postjudgment motion, the husband alleged that he had not been informed that an uncontested divorce judgment had been entered, that he had not signed any document consenting to the uncontested divorce, and that any signature purporting to be his on any document relating to the uncontested divorce was fraudulent. The husband also requested a hearing on his postjudgment motion. Id. The husband’s postjudgment motion was denied by operation of law. Id. at 45. On appeal, the husband argued that he should have been afforded a hearing on his postjudgment motion. Id. at 46. This court held:
“The husband’s allegations that the wife procured the uncontested divorce by fraudulently presenting forged documents, including the answer and waiver of service, to the trial court are serious allegations that, if proven to the trial court’s satisfaction, would entitle the husband to have the divorce judgment vacated. Because the trial court should have considered the husband’s allegations, we cannot hold that the trial court’s denial of the motion by operation of law without a hearing was harmless error.”

Id.

In this case, Jeffrey alleges that Jeanette fraudulently failed to disclose in her response to his discovery requests two separate parcels of land valued at approximately $50,000, a condominium valued at approximately $60,000, and a certificate of deposit valued at $200,000. After discovering Jeanette’s failure to disclose the property, Jeffery filed a motion to stay enforcement of the agreement, and, after the trial court entered a divorce judgment incorporating the agreement, Jeffrey filed a Rule 59 postjudgment motion. In his postjudgment motion, Jeffrey specifically requested a hearing pursuant to Rule 59(g). However, the trial court denied Jeffrey’s postjudgment motion without a hearing. Like the husband’s allegations of fraud in Dubose, Jeffrey’s allegation that Jeanette fraudulently concealed assets, if proven, may be a ground to set aside the final judgment. See Barganier v. Bargainer, 669 So.2d 938, 937 (Ala.Civ.App.1995) (“A property agreement may be altered, amended, or vacated if one party procures the agreement by fraud or conceals assets or liabilities.”). Therefore, the trial court’s failure to hold a hearing on Jeffrey’s post-judgment motion was not harmless error. Dubose, 964 So.2d at 46. Accordingly, we reverse the trial court’s order denying Jeffrey’s postjudgment motion, and we remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. In her brief to this court, Jeanette alleges that the trial court complied with Rule 59 because, she asserts, the trial court denied Jeffrey's postjudgment motion following an in-chamber meeting at which counsel for the parties were present. However, Jeanette has failed to provide any evidence of the meeting, and the record does not indicate that the meeting ever took place. Therefore, we will not consider that argument on appeal. See Liberty Nat'l Life Ins. Co. v. Patterson, 278 Ala. 43, 48, 175 So.2d 737, 740 (1965) (opinion on rehearing) (quoting Union Mut. Ins. Co. v. Robinson, 216 Ala. 527, 528-29, 113 So. 587, 588(1927)) (" ' "[T]he record cannot be impeached, changed, altered, or varied on appeal ... by statements in the briefs of coun-sel_”).

. The trial court also had failed to adjudicate two contempt motions. See Logan v. Logan, 40 So.3d 721, 723 (Ala.Civ.App.2009) (quoting Decker v. Decker, 984 So.2d 1216, 1220 (Ala.Civ.App.2007)) (" '[A] trial court’s failure to rule on a contempt motion relating to an interlocutory order would render any subsequent judgment nonfinal because the filing of the contempt motion would not be considered as having initiated a separate proceeding.’ ”). On February 23; 2010, we remanded this case to the trial court for it to adjudicate the outstanding contempt motions. The trial court entered an order resolving the outstanding contempt motions on March 10, 2010. Neither party has asserted error as to the trial court’s resolution of the contempt motions.