MOORE, Judge.
Natasha Dunn Claybrook (“the wife”) appeals from the denial of her post-judgment motion, filed pursuant to Rule 59, Ala. R. Civ. P., seeking to alter, amend, or vacate the judgment of the Tuscaloosa Circuit Court (“the trial court”), in which the trial court divorced the wife from Byron K. Claybrook (“the husband”) and incorporated the parties’ stipulated settlement agreement. We reverse.

Background

The wife and the husband were married on October 25, 1996. Three children were born of the parties’ marriage and all three of the parties’ children were minors at the time the parties separated in June 2009. On July 10, 2009, while at the office of the husband’s attorney, the parties executed the documents necessary for an uncontested divorce. In addition to the court-mandated forms, the parties executed a document entitled “Agreement in Contemplation of Divorce.” In that agreement, the parties stipulated to a child-custody arrangement, child support, a division of their marital property, a waiver of any *653 right to alimony from the other party, and a release of any interest each may have had to the retirement benefits of the other. According to the express terms of the parties’ agreement, the provisions therein were to become effective and binding only upon the entry of a judgment of divorce. The husband filed the executed documents with the trial court on July 22, 2009.
On July 29, 2009, the wife moved the trial court to enter a temporary restraining order (“TRO”) against the husband. In that motion, the wife alleged that, both before and after the parties executed the divorce documents, the husband had engaged in behaviors and acts that, according to the wife, amounted to physical, mental, or verbal abuse directed at her and the parties’ minor children; acts of harassment and domestic violence that involved the police; and threats of removing the children from the court’s jurisdiction and designed to prevent the wife from seeing the children. The wife alleged that she had signed the uncontested-divorce documents on July 10, 2009, under duress and coercion. She also alleged that the husband controlled all the parties’ assets and that, as a result, she had no assets with which to obtain her own legal counsel and had been forced to seek state assistance such as food stamps and Medicaid for the benefit of herself and the children. The wife was not represented by legal counsel, and she filed the TRO motion pro se.
On August 10, 2009, the wife moved to dismiss her motion for a TRO. At an August 17, 2009, hearing held on the wife’s motion for a TRO, the wife submitted a handwritten motion to the trial court indicating her desire to withdraw her motion for a TRO and to “proce[ed] with the divorce.” The trial court entered an order granting the wife’s request to withdraw the TRO motion and noting that the uncontested divorce would proceed as submitted. A copy of that order was served on the wife and on the husband’s legal counsel.
On August 26, 2009, legal counsel for the wife filed a notice of appearance. On August 28, 2009, the wife, through her legal counsel, moved to “Repudiate and Withdraw the Parties’ Agreement in Contemplation of Divorce for Cause.” Through her legal counsel, the wife asserted that she had executed the uncontested-divorce documents under duress, coercion, and threats from the husband. The wife also asserted that the husband had not honored his obligations and agreements as set out in those documents, that the husband had not paid child support, that the husband had forced the wife and the children from the marital home, and that the police had been involved with the parties on two occasions since the documents had been executed. The wife did not contest the entry of a judgment of divorce, but she indicated that, due to their inequity, she no longer consented to the provisions of the previously filed documents relating to the division of the parties’ marital property and child support. The wife submitted numerous exhibits in support of her motion.
On September 1, 2009, the trial court entered a judgment of divorce, incorporating into that judgment the terms and provisions set forth in the parties’ July 10, 2009, agreement. The trial court made no mention in the divorce judgment of the wife’s motion to repudiate the previously executed agreement.
On September 17, 2009, the wife filed a “Motion to Alter, Amend, or Vacate the Final Judgment as to the Parties’ Agreement For Property Division” and a brief, with supporting exhibits.[1] On October 28, *654 2009, after hearing arguments, the trial court denied the wife’s postjudgment motion; the trial court also denied any other pending requests for relief by either party.
The wife filed her notice of appeal on November 5, 2009. On appeal, she asserts that the trial court erred in denying her postjudgment motion, that the trial court committed reversible error in deviating from the mandatory child-support guidelines of Rule 32, Ala. R. Jud. Admin., in the judgment of divorce, and that the trial court erred in failing to award the wife a reasonable amount for attorney’s fees and expenses incurred in this case.

Analysis

In her postjudgment motion, the wife asserted that, in light of her motion to repudiate the previously executed agreement, the trial court committed reversible error in incorporating that agreement into the judgment of divorce. We agree with the wife that the trial court exceeded its discretion and that its judgment must be reversed.
“Agreements between parties to divorce actions are generally binding, and such agreements will not be set aside, ‘except for fraud, collusion, accident, surprise or some other ground of this nature.’ ” Grantham v. Grantham, 656 So.2d 900, 901 (Ala.Civ.App.1995) (quoting Brocato v. Brocato, 332 So.2d 722, 724 (Aa. 1976)). See also Wilcoxen v. Wilcoxen, 907 So.2d 447, 449 (Ala.Civ.App.2005) (“A trial court has the discretionary authority to permit a party to repudiate an agreement in contemplation of divorce if that party is able to show ‘good cause.’ ... ‘Good cause includes “fraud, collusion, acei-dent, surprise or some other ground of this nature.” ’ ” (quoting Culver v. Culver, 651 So.2d 21, 23 (Ala.Civ.App.1994), quoting in turn Borders v. Borders, 597 So.2d 1373, 1375 (Ala.Civ.App.1992))).
This court has addressed various defenses to the enforceability of a contract asserted by a party seeking to set aside a stipulated settlement agreement in a divorce action. See, e.g., Wilcoxen, supra (addressing the wife’s defense of fraud in the making of the settlement agreement and recognizing that, although such agreements may be binding and enforced against the parties, they are not binding on the trial court in drafting a divorce judgment); Allen v. Allen, 903 So.2d 835 (Ala.Civ.App.2004) (addressing husband’s challenge to the enforcement of a stipulated settlement agreement in a divorce action on the grounds of duress and inequity); Morrison v. Morrison, 837 So.2d 840 (Ala.Civ.App.2001) (addressing wife’s challenge to divorce judgment that incorporated parties’ alleged settlement agreement; wife asserted that the purported agreement was not a final settlement and had been improperly incorporated into the divorce judgment); Elliott v. Elliott, 667 So.2d 116 (Ala.Civ.App.1995) (addressing wife’s defenses to the enforceability of a settlement agreement on the grounds of duress, coercion, misrepresentation, and deceit by her husband); Culver, supra (husband moved to set aside alimony provision of divorce judgment, which incorporated agreement of the parties, on grounds of mistake and inequity); Grantham, supra (addressing mother’s claim of fraud and misrepresentation in connection with *655 her execution of settlement agreement); Borders, supra (addressing wife’s claim that her attorney had had a conflict of interest at the time he assisted the wife in negotiating a settlement agreement, and, thus, had not “ably represented her,” as a basis to set aside a divorce judgment incorporating that agreement); Tidwell v. Tidwell, 505 So.2d 1236 (Ala.Civ.App.1987) (addressing wife’s defenses to the enforcement of a stipulated settlement agreement in a divorce action on the grounds of failure of contract, fraud, duress, and inequity); and Kohn v. Kohn, 52 Ala.App. 636, 296 So.2d 725 (Civ.App.1974) (addressing husband’s claim that the parties’ settlement agreement was inequitable and should be set aside).
In Tidwell, supra, on the date set for trial in the parties’ divorce action, the parties and their attorneys informed the trial court that an oral settlement agreement had been reached and that a written settlement agreement would be forwarded to the court. 505 So.2d at 1237. After a date for a final hearing was scheduled, the wife moved to set aside the parties’ agreement, and the husband moved to enforce the agreement. Id. at 1236.
After a hearing, at which ore tenus evidence was received, the trial court concluded that the parties had entered into a valid separation agreement and that the agreement had not been obtained by fraud or duress and was not unjust or unfair. Id. Upon entry of a final divorce judgment incorporating the parties’ agreement, the wife appealed. Id. On appeal, the wife asserted that the trial court had erred in finding that a complete agreement existed between the parties, that the agreement was unenforceable because it had been obtained by fraud or duress, and that the agreement was unfair, unjust, and unreasonable. Id. This court stated:
“We note that an agreement reached in settlement of litigation is as binding upon the parties as any other contract. Porter v. Porter, 441 So.2d 921 (Ala.Civ.App.1983). Furthermore, there is a strong policy of law favoring compromises and settlements of litigation, especially in cases involving families. Porter, supra. The fact that the defendant attempted to repudiate the settlement prior to the submission of a written agreement to the court for incorporation into a judgment did not change the binding nature of the agreement. However, though an agreement may be binding upon the parties in a divorce case, it is not binding upon the court, which may exercise discretion and accept or reject the agreement in whole or in part Porter, supra.”
505 So.2d at 1237. This court then found the ore tenus evidence presented to the trial court sufficient to support the trial court’s findings that the parties had entered into a binding and completed contract. Id. at 1238. This court then considered the wife’s defenses to the enforceability of the parties’ contract. Id.
“Alabama recognizes that upon showing of duress or undue influence a party may be relieved of contractual obligations. Head v. Gadsden Civil Service Board, 389 So.2d 516 (Ala.Civ.App.1980). A contract may be rescinded if procured because of fraud or mutual mistake of law. Thomas v. Davis, 241 Ala. 271, 2 So.2d 616 (1941)....
“... Alabama law is clear that a settlement agreement which is given effect by a divorce decree must be fair, reasonable, and just. Cary v. Cary, 257 Ala. 431, 59 So.2d 659 (1952). It is well within the trial court’s discretion to make this determination, thus the question becomes whether there was enough *656 evidence presented at trial to support the court’s finding.”
Id Upon consideration of the evidence presented to the trial court in light of those principles, this court concluded that the trial court’s findings were amply supported and affirmed the trial court’s divorce judgment. Id
In Elliott, supra, the wife filed a motion, pursuant to Rule 60(b), Ala. R. Civ. P., seeking to set aside a divorce judgment that incorporated the parties’ settlement agreement. 667 So.2d at 117. The wife alleged that the agreement had been obtained under conditions of duress, coercion, misrepresentation, and deceit by her husband. Id After an evidentiary hearing, the trial court denied the wife’s motion to set aside the judgment. The wife appealed. Id
This court recognized the discretion granted to a trial court in determining whether to grant a Rule 60(b) motion but concluded that the trial court had exceeded its discretion in failing to set aside the divorce judgment at issue. Id at 118-19. In addressing the wife’s claims, the court stated:
“1 “Duress” has been defined as subjecting a person to improper pressure which overcomes his will and coerces him to comply with the demands to which he would not yield if acting as a free agent, and is a ground on which to support a setting aside of a divorce decree and underlying agreement.’ Delchamps v. Delchamps, 449 So.2d 1249 (Ala.Civ.App.1984)....
“Additionally, a Rule 60(b) motion should be granted where the judgment was obtained through misrepresentation. ‘Misrepresentation’ is defined as ‘any manifestation by words or other conduct by one person to another that, under the circumstances amounts to an assertion not in accordance with the facts.... That which, if accepted, leads the mind to an apprehension of a condition other and different from that which exists.’ Black’s Law Dictionary, 1001 (6th ed.1990); see Sims v. Callahan, 269 Ala. 216, 112 So.2d 776 (1959); HealthAmerica v. Menton, 551 So.2d 235 (Ala.1989)....
[[Image here]]
“ ‘If the agreement was obtained through duress and fraud, then the divorce is void.’ Cary v. Cary, 257 Ala. 431, 59 So.2d 659 (1952)....
“A separation agreement incorporated in a divorce judgment must be fair, reasonable and just, and free from fraud, duress, or other coercion. Kunkel v. Kunkel, 547 So.2d 555 (Ala.Civ.App. 1989); Delchamps v. Delchamps, 449 So.2d 1249 (Ala.Civ.App.1984).”
Id at 118-19. This court concluded that the evidence presented by the wife in support of her Rule 60(b) motion amply established that she had acted under duress in signing the agreement, that the husband had misrepresented the purpose of the agreement and the need for the wife’s signature thereon, that the husband’s misrepresentation rose to the level of fraud, and that the provisions set forth in the agreement were wholly unjust. Id As a result, this court concluded that the trial court had exceeded its discretion in denying the wife’s request to set aside the divorce judgment. Id at 119.
In Kohn, supra, the wife filed for a divorce on the grounds of physical cruelty. 52 AlaApp. at 638, 296 So.2d at 727. Simultaneously with the filing of her petition, the wife filed an answer and waiver that had been executed by the husband and a stipulated property-settlement agreement that had been executed by both parties. Id Within a few days of the wife’s filing, the husband moved to withdraw the answer and waiver; he also *657 moved to strike the previously executed agreement. Id. The trial court conducted a hearing, at which ore tenus evidence was received, without entering a ruling on the husband’s motion to withdraw and motion to strike. Id. After the hearing, the trial court entered a divorce judgment, as requested by the wife; that divorce judgment incorporated the provisions of the parties’ agreement, which the trial court held to be binding and enforceable. Id.
On appeal, this court affirmed in part and reversed in part the judgment of the trial court. 52 Ala.App. at 641, 296 So.2d at 729. This court concluded that the evidence supported the trial court’s findings that the wife was entitled to a divorce on the ground of physical cruelty, that the husband had not been under duress or undue influence at the time he had executed the agreement, and that no fraud had been perpetrated upon the husband in obtaining his signature upon the agreement. 52 Ala.App. at 640, 296 So.2d at 728. This court, however, concluded that the trial court should have struck, or should have allowed the husband to withdraw, the previously executed agreement because of the inequity of its terms. 52 Ala.App. at 640, 296 So.2d at 728. This court stated:
“As our supreme court stated in Williams v. Williams, 261 Ala. 328, 337, 74 So.2d 582, 590 [ (1954) ], quoting from Rash v. Bogart, 226 Ala. 284, 287, 146 So. 814, 816 [ (1933) ], when referring to a property agreement or separation agreement in a divorce matter:
“ ‘Such a contract, supported by a valuable consideration, is sustained in equity as other contracts, subject to annulment or cancellation for fraud, concealment, or other equity. (Citations omitted)’ (Emphasis added [in Kolm])
“Here, when two parties have been married over twenty years, worked side by side in acquiring a sizable estate, then agree to a divorce with a property agreement wherein the wife gets virtually everything and, thereafter, within eighteen days after the documents are filed with the court but before they are acted upon by the court, the husband moves to withdraw or strike the documents, it is error for the trial court to refuse to do so and find the agreement valid and binding. Our reason for so holding is based upon the inequity of the agreement, itself.
“Furthermore, there can be no question but that under the law in Alabama, the trial court in making its decree is not controlled by the agreement of the parties, and it may adopt or reject such parts of it as seem proper from the situation of the parties as shown by the evidence on the trial.”
52 Ala.App. at 640, 296 So.2d at 729. Based on the evidence presented to the trial court, this court concluded that the trial court had erred in finding the parties’ property agreement to be valid and binding, and we remanded the cause to the trial court with instructions to set aside the parties’ stipulated property division and to enter a judgment incorporating a more equitable property division. 52 Ala. App. at 640-41, 296 So.2d at 729-30.
In this case, the husband submitted the uncontested petition for a divorce on July 22, 2009. In her July 29, 2009, TRO motion, and again in her August 28, 2009, motion to repudiate the agreement, the wife acknowledged that she had signed the agreement. In her TRO motion and in her motion to repudiate, however, the wife alleged that the parties’ marriage and their separation had been marked by repeated instances of domestic violence, that she had signed the agreement under duress, coercion, and threats, and that the terms of the agreement were inequitable *658 and unjust.[2] The wife further alleged that she had attempted to consult with independent legal counsel regarding the documents but that the husband was in control of all the marital funds and he had withheld those funds from her, thereby rendering it impossible for her to retain independent legal representation at the time the settlement agreement was executed.
Because any of the defenses asserted by the wife in her motion to repudiate, if proven, would void the parties’ settlement agreement or, alternatively, would have justified the trial court’s refusal to adopt any or all of the provisions contained in that agreement, see, e.g., Elliott, supra (discussing duress, misrepresentation, fraud, and inequity as defenses to the enforceability of a stipulated settlement agreement in a divorce action), the trial court should have conducted an evidentia-ry hearing on that motion to determine the validity of the wife’s allegations. See, e.g., Allen, supra (after husband filed motion to set aside settlement agreement, trial court scheduled and conducted evidentiary hearing to determine validity of husband’s defenses to enforceability of that agreement); and Kohn, supra (accord).
Instead, the trial court entered a judgment of divorce in which it incorporated the parties’ settlement agreement without allowing the wife an opportunity to present evidence in support of her defenses to the enforceability of the settlement agreement. The trial court subsequently denied the wife’s Rule 59(e) motion, in which she pointed out to the trial court that the divorce judgment had been entered without consideration of her pending motion to repudiate and that, instead, in entering the judgment the court had relied on statements made by the wife before she filed her motion to repudiate. See Kohn, supra (recognizing that, because the evidence established the terms of parties’ stipulated settlement agreement were inequitable and unjust, the trial court should have granted husband’s motion to withdraw his stipulated settlement agreement); and Elliott, supra (reversing trial court’s denial of wife’s motion to set aside divorce judgment and stipulated settlement agreement that had been incorporated therein because evidence supported wife’s defenses to the enforceability of that settlement agreement).
Accordingly, we conclude that the trial court exceeded its discretion in failing to grant the wife’s Rule 59(e) motion to alter, amend, or vacate the divorce judgment so that the wife’s defenses to the enforceability of the settlement agreement could be considered at an evidentiary hearing. We, therefore, reverse the trial court’s judgment and remand the cause for further proceedings consistent with this opinion.[3]
We point out that, on remand, even if the wife’s evidence fails to establish a defense sufficient to defeat the enforcement of the parties’ agreement, the trial court is not bound by the provisions set forth therein. The trial court must independently determine whether the provisions of that agreement comply with Rule 32, Ala. R. Jud. Admin., or whether a deviation therefrom is justified, and whether the provisions of the agreement are just and equitable under the circumstances. See *659 Wilcoxen, supra; Morrison, supra; Elliott, supra; and Kohn, supra. See also Wilkerson v. Wilkerson, 719 So.2d 235 (Ala.Civ.App.1998) (upon consideration of wife’s motion to set aside stipulated divorce agreement, the trial court did not exceed its discretion in failing to adopt that agreement when the agreement did not comply with Rule 32(A), Ala. R. Jud. Admin., and the trial court found that the agreement was inequitable in other respects); and Rule 32(A)(2), Ala. R. Jud. Admin.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ„ concur.

. Although the heading of the wife’s motion and brief indicated that the wife objected only *654 to the terms of the property division as set forth in the parties' agreement, which had been incorporated into the divorce judgment, the substance of the wife’s argument indicated that she also challenged the parties’ agreement as to custody and child support. The wife also alleged that, according to the trial court clerk, the trial court had been unaware of the wife’s motion to repudiate the parties’ agreement until after the entry of the September 1, 2009, divorce judgment.

. We do not intend an exhaustive recitation of the defenses raised in the wife’s motion to repudiate the parties’ agreement. To the extent the wife asserted other defenses and arguments in support of her motion, she is free to pursue such defenses and arguments on remand.

. In light of our resolution, we pretermit a discussion of the other issues raised in the wife’s appeal.