BRYAN, Judge.
Dana Kyle Whitman (“the wife”) appeals from a judgment entered by the Madison Circuit Court (“the trial court”) that divorced her from Larry Stephen Whitman II (“the husband”), asserting that the trial court erred in failing to conduct a hearing on her postjudgment motion.
The record indicates that the parties were married in May 1989 and that three children were born during the marriage. The husband initiated the action below by filing a complaint for a divorce on April 16, 2010. On June 15, 2010, the wife filed an “acknowledgment of nonrepresentation” and the parties filed a settlement agreement that addressed all the issues pending before the trial court, such as custody of the parties’ children, child support, and division of marital property and debts, including the parties’ jointly owned business. On June 28, 2010, the trial court entered a judgment divorcing the parties that ratified and confirmed the parties’ settlement agreement and expressly incorporated their settlement agreement into the divorce judgment.
On July 23, 2010, the wife filed a post-judgment motion pursuant to Rule 59, Ala. R. Civ. P., requesting an order vacating the divorce judgment and a new trial. In her motion, the wife alleged that she had signed the settlement agreement under duress and that the husband had used economic coercion and fraudulent representations to procure her agreement. Specifically, the wife alleged that, during the course of negotiations of the settlement agreement, the husband had denied having an extramarital affair. However, according to the wife, after the divorce judgment was entered, the parties’ 15-year-old daughter discovered “the husband’s illicit conduct” while working at the family business. The wife attached the affidavit of the daughter who had discovered a series of e-mails between the husband and a family friend, as well as copies of the e-mails discovered by the daughter, to her postjudgment motion. The wife also alleged that the husband, during the negotiation of the settlement agreement, utilized economic coercion and duress by representing to the wife that the family business was in dire financial straights and that it was necessary to sell the marital residence. The wife further alleged that, at some point in the negotiation process, she desired substantial changes to the agreement and that the husband responded by indicating to the wife that she would not have access to funds that she needed to purchase a home for her and the parties’ children, which was already under contract. The wife specifically requested a hearing on her postjudgment motion; however, her postjudgment motion was denied by operation of law, see Rule 59.1, Ala. R. Civ. P., without the trial court’s having conducted a hearing on her postjudgment motion. The wife timely appealed.
On appeal, the wife challenges only the trial court’s failure to conduct a hearing on her postjudgment motion before it was denied by operation of law. In Wicks v. Wicks, 49 So.3d 700 (Ala.Civ.App.2010), this court considered the same question that is presented in this case — whether the trial court committed reversible error in failing to conduct a hearing on a post-judgment motion when a hearing was specifically requested. We stated:
“Rule 59(g), Ala. R. Civ. P., provides that postjudgment ‘motions remain pending until ruled upon by the court (subject to' the provisions of Rule 59.1) but shall not be ruled upon until the parties have had opportunity to be heard thereon.’ This court has held that
*1194 “‘[generally, a movant who requests a hearing on his or her post-judgment motion is entitled to such a hearing. Rule 59(g), Ala. R. Civ. P.; Flagstar Enters., Inc. v. Foster, 779 So.2d 1220, 1221 (Ala.2000). A trial court’s failure to conduct a hearing is error. Flagstar Enters., 779 So.2d at 1221.’
“Dubose v. Dubose, 964 So.2d 42, 46 (Ala.Civ.App.2007); see also Staarup v. Staarup, 537 So.2d 56, 57 (Ala.Civ.App.1988) (‘[Rule 59(g) ] mandates that, when a hearing is requested on a motion for new trial, the hearing must be granted.’).
“[However], this court has recognized an exception to the general rule that the denial of a postjudgment motion without conducting a requested hearing is reversible error. See Gibert v. Gibert, 709 So.2d 1257, 1258 (Ala.Civ.App.1998) (‘A trial court errs by not granting a hearing when one has been requested pursuant to Rule 59(g); however, that error is not necessarily reversible error.’). ‘On appeal, ... if an appellate court determines that there is no probable merit to the motion, it may affirm based on the harmless error rule.’ Palmer v. Hall, 680 So.2d 307, 307-08 (Ala.Civ.App.1996); see also Lowe v. Lowe, 631 So.2d 1040, 1041 (Ala.Civ.App.1993) (‘Denial of a Rule 59 motion without a hearing is reversible error if the movant requested a hearing and harmful error is found.’). The Alabama Supreme Court has stated:
“ ‘Harmless error occurs, within the context of a Rule 59(g) motion, where there is either no probable merit in the grounds asserted in the motion, or where the appellate court resolves the issues presented therein, as a matter of law, adversely to the movant, by application of the same objective standard of review as that applied in the trial court.’
“Greene v. Thompson, 554 So.2d 376, 381 (Ala.1989). However, ‘[w]hen there is probable merit to the motion, the error cannot be considered harmless.’ Dubose, 964 So.2d at 46.”
49 So.3d at 701.
In Wicks, the parties to a divorce action entered into a settlement agreement that was eventually incorporated into a divorce judgment. Id. at 700. The husband subsequently filed a postjudgment motion pursuant to Rule 59 alleging, as he had before the entry of the divorce judgment, that the wife had fraudulently failed to disclose her ownership interest in certain assets before the parties entered into a settlement agreement. Id. This court held that the husband’s “allegation that [the wife] fraudulently concealed assets, if proven, may be a ground to set aside the final judgment.” Id. at 702 (quoting Barganier v. Barganier, 669 So.2d 933, 937 (Ala.Civ.App.1995), for the proposition that “ ‘[a] property agreement may be altered, amended, or vacated if one party procures the agreement by fraud or conceals assets or liabilities’ ”). Thus, we concluded that the trial court’s failure to hold a hearing on the husband’s postjudgment motion was not harmless error, and we reversed the trial court’s order denying the husband’s post-judgment motion. Id.
Similarly, in the present case, the wife’s allegations of fraudulent representations, duress, and coercion, if proven, may be grounds to set aside the divorce judgment. See Barganier, 669 So.2d at 938 (citing Kunkel v. Kunkel, 547 So.2d 555, 556 (Ala.Civ.App.1989)) (“A separation agreement incorporated into a divorce judgment must be fair, reasonable, and just, and free from fraud, duress, or other coercion.”). See *1195 also Elliott v. Elliott, 667 So.2d 116, 119 (Ala.Civ.App.1995) (citing Cary v. Cary, 257 Ala. 431, 59 So.2d 659 (1952), for the proposition that, “[i]f [a settlement] agreement was obtained through duress and fraud, then the divorce is void”). Because we cannot conclude, as a matter of law, that there was no probable merit to the wife’s postjudgment motion or that the trial court’s failure to conduct a hearing on the wife’s postjudgment motion was harmless error, we reverse the trial court’s order denying the wife’s postjudgment motion, and we remand the cause for further proceedings consistent with this opinion.[1]
The husband’s and the wife’s requests for an award of attorney’s fees on appeal are denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. In Claybrook v. Claybrook, 56 So.3d 652, 653 (Ala.Civ.App.2010), the wife filed a motion to repudiate a divorce settlement agreement alleging several defenses to the enforcement of the settlement agreement. The trial court entered a judgment divorcing the parties, and the wife filed a postjudgment motion; after conducting a hearing on the wife’s postjudgment motion, the trial court denied the motion. Id. at 653-54. The wife appealed, and we reversed the trial court's denial of the wife's postjudgment motion, holding that the wife’s defenses to the enforceability of the settlement agreement should have been considered at an evidentiary hearing. Id. at 658. We also noted that,
"on remand, even if the wife’s evidence fails to establish a defense sufficient to defeat the enforcement of the parties' agreement, the trial court is not bound by the provisions set forth therein. The trial court must independently determine whether the provisions of that agreement comply with Rule 32, Ala. R. Jud. Admin., or whether a deviation therefrom is justified, and whether the provisions of the agreement are just and equitable under the circumstances.”

Id.