THOMAS, Judge.
Harold E. Dunn, Sr. (“the husband”), and Debra A. Dunn (“the wife”) were married on January 13, 2005. There are no children of the marriage. On November 28, 2011, the wife filed a complaint in the Mobile Circuit Court seeking a divorce and a division of the marital assets and debts. On April 26, 2012, the case was called for a trial; at trial, the wife appeared pro se and the husband was represented by an attorney. That same day, the circuit court entered its judgment, which incorporated *149 the parties’ settlement agreement (“the settlement agreement”), ■ which also was reached that same day. The judgment divorced the parties, awarded the marital residence to the husband, and awarded a 1999 Dodge Avenger automobile to the wife; each party retained the personal property that was in his or her possession. On May 25, 2012, the wife, then represented by an attorney, filed a verified motion to alter, amend, or vacate the April 26, 2012, judgment or, in the alternative, for a new trial. A hearing on the wife’s post-judgment motion was held on July 6, 2012. The circuit court heard the arguments of the parties’ attorneys, and, that same day, it entered its judgment denying the wife’s postjudgment motion without stating its reasons.
On August 17, 2012, the wife filed a timely appeal with this court seeking our review of one issue — whether the circuit court exceeded its discretion by .denying the wife’s postjudgment motion without taking testimony at the postjudgment hearing. The wife complains that, at the time she reached the settlement agreement with the husband, she suffered from various medical problems, was unable to afford an attorney, and was “intimidated and coerced by [the husband and the hus-bandj’s attorney.” She alleges that she was unaware of her ability to request an award that would include alimony or an interest in the marital residence.
Generally, allegations of fraud, duress, or coercion, if proven, may be grounds to set aside a divorce judgment. See Barganier v. Barganier, 669 So.2d 933, 938 (Ala.Civ.App.1995) (citing Kunkel v. Kunkel, 547 So.2d 555, 556 (Ala.Civ.App.1989)) (“A separation agreement incorporated into a divorce judgment must be fair, reasonable, and just, and free from fraud, duress, or other coercion.”). However,
“ ‘[a]n agreement reached in settlement of litigation is as binding on the parties as any other contract.... Moreover, there is a strong policy of law favoring, compromises and settlements of litigation, especially in suits involving families, since the honor and peace of the family is often at stake.’
“Porter v. Porter, 441 So.2d 921, 923 (Ala.Civ.App.1983). However, in the context of a divorce judgment, our courts have held that the trial court is not bound by the parties’ agreement but may accept the agreement or reject the agreement, in whole or in part. See, e.g., Porter, 441 So.2d at 924; see also Mullins v. Mullins, 770 So.2d 624 (Ala.Civ.App.2000); Kohn v. Kohn, 52 Ala.App. 636, 296 So.2d 725 (Civ.App.1974).”
Allen v. Allen, 903 So.2d 835, 840 (Ala.Civ.App.2004).
The wife contends that the circuit court erred by refusing to hear her testimony at the postjudgment hearing regarding her allegations of fraud, duress, or coercion occurring on April 26, 2012. A review of the transcript of the .hearing on the post-judgment motion reveals that the circuit-court judge did not allow the wife’s attorney to elicit any testimony on the, wife’s behalf. The entire proceeding consists of arguments of counsel, which are not considered evidence. See Singley v. Bentley, 782 So.2d 799, 803 (Ala.Civ.App.2000.) The following exchange took place at the beginning of the postjudgment hearing:
“[The wife’s attorney]: I filed the [post-judgment motion] on. [the wife]’s behalf after — when this Court rendered a divorce on — Judgment of Divorce on April the 26th of 2012 based on what was allegedly an agreement of the parties. I was going to have her testify.
“THE COURT: Well, I’m not going to have new testimony. I mean, you can *150 argue why the Judgment of Divorce was entered in error.
“[The wife’s attorney]: Well, there was no testimony taken originally. This was — I’m actually asking for the divorce to be set aside and to reopen the case, but I can argue this particular motion.
[[Image here]]
“THE COURT: No, no, no. No, no, no. I’ll — you can make your argument, but I want just the legal argument as to why this divorce decree was in error.”
Thereafter the wife’s attorney argued that the wife had reached the settlement agreement when she was without the assistance of an attorney, under the stress of “a lot of different medical problems,” and coerced by the husband’s alleged “abusive and controlling” intimidation of her. The wife’s attorney further argued that the husband had committed fraud by failing to disclose his Social Security income and his employment income and by convincing the wife that he did not own the marital residence.
The husband’s attorney opposed the taking of further testimony because, he said, the wife had failed- to request a continuance at the April 26, 2012, trial and had failed to provide evidence of her medical problems or that she was intimidated into reaching the settlement agreement. Furthermore, the husband’s attorney said that the wife had failed to provide evidence indicating that the husband had committed fraud.
In Claybrook v. Claybrook, 56 So.3d 652 (Ala.Civ.App.2010), we concluded that the trial court had exceeded its discretion by denying the wife’s motion to alter, amend, or vacate the divorce judgment, which had incorporated the parties’ settlement agreement. We reversed the judgment of the trial court and remanded the cause, instructing the trial court to conduct further proceedings. Claybrook, 56 So.3d at 658. In Claybrook, the wife admitted that she had signed a settlement agreement but claimed that she had been coerced by the husband to do so. Id. at 658-59. She had not had the assistance of an attorney when she entered into the settlement agreement. Id. at 659. Before the divorce judgment was entered, the wife had filed a motion repudiating the settlement agreement and alleging coercion and threats of domestic violence; she informed the trial court that she no longer consented to the provisions of the settlement agreement because, she said, the settlement agreement was inequitable. Id. at 653. Furthermore, “[t]he wife submitted numerous exhibits in support of her motion.” Id. The trial court incorporated the settlement agreement into its divorce judgment without mentioning the wife’s repudiation of the settlement agreement. Id. The wife filed a post-judgment motion, with supporting exhibits, and, after a hearing, the trial court denied the wife’s motion. Id. at 654-55. Thus, other than the timing of the wives’ repudiations of the settlement agreements, the obvious difference between Claybrook and this case is the fact that the wife in this case failed to attach supporting exhibits to her filings.
In Whitman v. Whitman, 75 So.3d 1192, 1194 (Ala.Civ.App.2011), we considered the issue whether a trial court’s failure to conduct a requested postjudgment hearing on a divorce judgment that had incorporated the parties’ settlement agreement constituted reversible error. Whitman, 75 So.3d at 1193-94. In Whitman, we reversed the judgment and remanded the cause for the trial court to hold an eviden-tiary hearing. Id. at 1194. In reaching our conclusion, we discussed the wife’s allegations in her postjudgment motion that included specific grounds to set aside the divorce judgment. Id. at 1193. In Whitman, like in Claybrook, supra, the wife *151 had attached an affidavit and supporting exhibits to her postjudgment motion. Whitman, 75 So.3d at 1193. This court concluded that, based on the affidavit and supporting exhibits, which were a part of the record on appeal, there was probable merit to the wife’s postjudgment contentions. Id.
In Wicks v. Wicks, 49 So.3d 700, 702 (Ala.Civ.App.2010), we determined that the trial court erred by refusing to hold a requested hearing on the husband’s post-judgment motion in which he had claimed that the wife had committed fraud by failing to disclose pertinent information to the court in a divorce proceeding. Again, the trial court had incorporated the parties’ settlement agreement into its divorce judgment. Id. at 700. The husband had filed a motion to stay enforcement of the agreement before the divorce judgment was entered and had referenced that filing in his postjudgment motion. Id. We concluded that his fraud allegation, if proven, might be a ground to set aside the agreement; thus, we reversed the judgment and remanded the cause, relying on Dubose v. Dubose, 964 So.2d 42 (Ala.Civ.App.2007). Id. at 702.
In Dubose, the trial court entered a divorce judgment that incorporated the purported agreement of the parties. 964 So.2d at 44. The husband alleged in “his verified postjudgment motion” that he had not signed any documents pertaining to the divorce. In footnote 1 we explained that
“ ‘ “[a] verified pleading may be treated as an affidavit and used in the action in any way in which an affidavit would be suitable[,]” ’ provided that the pleading ‘ “contain[s] facts that the affi-ant knows to be true of his or her own knowledge and [has] a certain level of factual specificity.” ’ Ex parte Quinlan, 922 So.2d 914, 917 (Ala.2005) (quoting 5A Charles Alan Wright & Arthur K. Miller, Federal Practice and Procedure: Civil 3d § 1339 (2004)).”
964 So.2d at 44 n. 1.
In this case, the wife did not attach affidavits or supporting exhibits as did the parties in Claybrook, Whitman, and Wicks; however, like the motion in Dubose, the wife’s postjudgment motion was verified. We treat the wife’s verified post-judgment motion, which contained factual specificity regarding the wife’s alleged reason for proceeding pro se at the trial, her alleged medical problems, and the alleged abusive relationship with the husband that, she said, resulted in her feeling coerced by the husband and his attorney, as an affidavit. Furthermore, she specified the amount and the type of property she brought to the marriage.
We conclude that the circuit court exceeded its discretion by failing to conduct an evidentiary hearing on the wife’s post-judgment motion. We therefore reverse the circuit court’s order denying the wife’s postjudgment motion, and we remand the cause with instructions that the circuit court conduct an evidentiary hearing. However, on remand, the circuit court shall independently determine whether the evidence the wife presents establishes that the divorce judgment should be set aside.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, MOORE, and DONALDSON, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.