PITTMAN, Judge.
Parker E. Edmiston (“the father”) appeals from a judgment of the Jackson Circuit Court (“the trial court”) denying the father’s petition to modify his child-support obligation to Misty D. Godfrey (“the mother”), directing the father to pay his share of the medical expenses of the parties’ children, directing the father to pay a share of the college expenses of one of the parties’ children, and directing the father to pay the mother’s attorney’s fees, and, additionally, he appeals from a subsequent order denying his postjudgment motion directed to that judgment. We reverse the trial court’s postjudgment order and remand the cause for further proceedings.

Facts and Procedural History

The father and the mother were divorced in 2004. Although it is not clear how many children the mother and the father have had together, it is.clear that, at the time the final judgment was entered in this matter, the mother and the father had two minor children.
According to the father’s testimony, when he and the mother divorced, the father had agreed to pay the mother a total of $1,500 per month in alimony and child support.[1] The mother and the father *87 agree that, in 2011, a judgment was entered setting the father’s child-support obligation (“the 2011 child-support judgment”). Although the 2011 child-support judgment does not appear in the record on appeal, the parties agree that, pursuant to that judgment, the father had an obligation to pay the mother $825 per month in child support at the time of the trial in the present case.
In February 2014, the father filed a petition requesting the trial court to reduce his child-support obligation, alleging that his income had decreased since the entry of the 2011 child-support judgment. The mother filed a counterclaim, requesting the trial court to hold the father in contempt of court for allegedly violating the terms of the 2011 child-support judgment, including allegedly failing to pay his share of the children’s medical expenses and college-education expenses.
After an ore tenus proceeding, the trial court entered a judgment denying the father’s request to decrease his child-support obligation, The trial court ■ also directed the father to pay the mother $1,055.39 in medical expenses for the children and $2,462.38 in college expenses. The trial court also awarded the mother attorney fees.
The father filed a postjudgment motion pursuant to Rule-59, Ala. R. Civ. P., asserting that the trial court’s judgment was unsupported by the evidence. Although the father requested a hearing on his post-judgment motion, the trial court denied that motion the day after it had been filed without holding a hearing. The father timely appealed.

Discussion

The father first argues on appeal that the- trial court erred in failing to hold a hearing on -his postjudgment motion. Rule 59(g), Ala. R. Civ. P., provides that a postjudgment motion filed pursuant to Rule 59 “shall not be ruled upon until the parties have had an opportunity to be heard thereon.” As the father points out, the failure to hold such a hearing is reversible error if there was “probable merit” in the postjudgment motion. See, e.g., Wicks v. Wicks, 49 So.3d 700, 702 (Ala.Civ.App.2010).
The mother presented the trial court with a spreadsheet and receipts that, she asserted, showed that the father had not paid his share of medical expenses incurred by the children. The mother indicated on the spreadsheet that the father’s share of those expenses was $1,055.39, and the trial court, in its judgment, awarded the mother that amount. The father, however, presented the trial court with copies of checks, which had been drawn from the father’s bank account, indicating that the father had paid in full at least two of the medical-expense charges that were included on the mother’s spreadsheet. The mother did not present any evidence contradicting the father’s evidence indicating that he had paid those charges, and she does not appear to dispute that specific assertion on appeal. Thus, it appears that there was probable merit in the father’s postjudgment motion regarding the amount the trial court awarded the mother in medical expenses.
Because we conclude that there was probable merit in at least one aspect of the father’s postjudgment motion, we reverse the trial court’s order denying that motion, and we remand the cause for the trial court to conduct a hearing on the father’s postjudgment motion. We pretermit discussion of the father’s additional arguments on appeal, which are directed at the trial court’s denial of the father’s petition to reduce his child-support obligation, the trial court’s order directing the father to pay a share of- one child’s college expenses, *88 and the trial court’s award of attorney fees to the mother.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. It is not clear how much of that total amount consisted of child support.