BRYAN, Judge.
Mickie L. Hamilton (“the wife”) appeals from a judgment of the Baldwin Circuit Court (“the trial court”) dismissing her divorce complaint against Horace Randall Hamilton (“the husband”). We reverse and remand.
The parties married on May 19, 2001, in Rockmart, Georgia. The parties’ relationship produced one child, a girl born in July 2000 (“the daughter”). In June 2007, the wife and the daughter relocated to Baldwin County, Alabama. On April 16, 2008, the wife filed with the trial court a complaint seeking a divorce from the husband; however, the wife was unable to perfect service of process on the husband. Therefore, on May 29, 2008, the wife again filed with the trial court a complaint seeking a divorce from the husband on the grounds of incompatibility, irretrievable breakdown of the marriage, and adultery. The wife’s complaint also alleged that the husband was both a “habitual drinker” and a “habitual drug user.”
On July 1, 2008, the husband, who was residing in Rome, Georgia, filed with the trial court a “limited special appearance and motion to dismiss for lack of subject matter jurisdiction” (“motion to dismiss”) asserting that the trial court lacked subject-matter jurisdiction over the wife’s complaint because, he argued, the wife was not “a bona fide resident of Alabama as required by Section 30 — 2—5[, Ala.Code 1975].” On July 1, 2008, and again on July 18, 2008, the wife moved the trial court to hold the husband in contempt for allegedly violating certain provisions of the trial court’s pretrial order; subsequently, the husband entered a “limited special appearance” to answer the wife’s contempt motions. On August 1, 2008, the trial court conducted an ore tenus proceeding, and, on the same day, the trial court entered a judgment granting the husband’s motion to dismiss. The wife appeals.
On appeal, the wife argues that the trial court erred in granting the husband’s motion to dismiss because, she alleges, she satisfied the residency requirement of § 30-2-5, Ala.Code 1975.
“ ‘Section 30-2-5, Ala.Code 1975, discusses the residency requirements for a plaintiff in a divorce action when the defendant is a nonresident of Alabama and states:
“ ‘ “When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for six months next before the filing of the complaint, which must be alleged in the complaint and proved.”
“ ‘If the residency requirements are not met, then a trial court does not have jurisdiction over the marital res and any judgment entered is void. Seymour v. Seymour, 597 So.2d 1368 (Ala.Civ.App.1992); Chavis v. Chavis, *1238 394 So.2d 54 (Ala.Civ.App.1981). For the purposes of § 30-2-5, residence is the same thing as domicile. Seymour v. Seymour, supra. “Domicile is defined as residence at a particular place accompanied by an intention to stay there permanently, or for an indefinite length of time.” Nora v. Nora, 494 So.2d 16, 17 (Ala.1986). A person’s domicile continues until a new one is acquired. Id.’
“Fuller v. Fuller, 991 So.2d 285, 290 (Ala.Civ.App.2008). ‘[T]he burden is on the party who asserts a change of domicile to prove it.’ Richardson v. Richardson, 258 Ala. 423, 425, 63 So.2d 364, 366 (1953).”
Ex parte Ferguson, 15 So.3d 520, 521-22 (Ala.Civ.App.2008). Furthermore, we note that “[w]hen the trial court hears oral testimony regarding residence under § 30-2-5, ‘the judgment of the court is presumed correct and will not be set aside on appeal unless so contrary to the great weight of the evidence as to be palpably wrong.’ ” Livermore v. Livermore, 822 So.2d 437, 441 (Ala.Civ.App.2001) (quoting Chavis v. Chavis, 394 So.2d 54, 55 (Ala.Civ.App.1981)). “However, there is no presumption of correctness in the trial court’s application of law to the facts.” Robinson v. Robinson, 795 So.2d 729, 733 (Ala.Civ.App.2001) (citing Gaston v. Ames, 514 So.2d 877 (Ala.1987)).
It is undisputed that the husband was not a resident of Alabama when the wife filed her complaint for a divorce. Thus, the question before this court is whether the wife had been a bona fide resident of Alabama for the six months next preceding the filing of the wife’s May 29, 2008, complaint.
The wife was the only witness to offer testimony during the rather brief August 1, 2008, ore tenus proceeding. The wife testified, as noted above, that she had relocated with the daughter to Baldwin County in June 2007. Upon relocating, the wife and the daughter began residing in a vacation home that is owned by the husband. The wife testified that the husband had not objected to her relocating or to her bringing the child with her. The wife also testified that, since she and the daughter had relocated in June 2007, she had enrolled the daughter in school, she had been issued an Alabama driver’s license, she had been issued an Alabama motor-vehicle tag, she had registered to vote, and she had purchased a retail clothing business named “Wildflowers.”
Conversely, the husband argued that the wife had been “temporarily” residing in Alabama and that the wife had been “staying [in Alabama] to avoid the jurisdiction of the Floyd County, Georgia courts on two separate lawsuits.” More specifically, the husband argued that the wife, who was a defendant in two pending lawsuits filed by two corporations that are owned by the husband,[1] had relocated for “fraudulent purposes and that to be a bona fide resident you cannot use fraud.” However, the wife testified that she had not been served with those lawsuits until July 3, 2008— which was more than one year after the wife had relocated to Alabama — and that she was aware that she would “have ... to go back to Georgia to defend the lawsuits].”
At the conclusion of the wife’s testimony, the trial judge stated that “I think it’s way easier for y’all to do this divorce in Georgia. I mean y’all are already litigat *1239 ing there.” The husband’s counsel responded by noting that “[w]e’ve already litigated here before that lawsuit was filed in Georgia.” After receiving additional argument, the trial court concluded that “[y]’all need to try this in Georgia. Y’all really do need to try this in Georgia.” The trial court offered no further indication on the record of its reasoning for granting the husband’s motion to dismiss, and the trial court’s judgment provides only that the husband’s “motion to dismiss [is] granted following testimony and argument.”
We conclude that the great weight of the evidence clearly establishes that the wife was a resident of or domiciled in Alabama at the time she filed her divorce complaint. At the time the trial court entered its judgment granting the husband’s motion to dismiss, the wife had been residing in Alabama for more than one year, the daughter had completed one entire school year, and the wife had purchased and begun operating her own retail clothing business. The wife presented substantial evidence indicating that she intended to stay in Alabama permanently or, at the very least, for an indefinite length of time.
Conversely, the husband presented no evidence to rebut the evidence presented by the wife other than to argue, rather speciously, that the wife had been only temporarily residing in Alabama to avoid the jurisdiction of the Georgia trial courts with regard to lawsuits that had not been filed until more than one year after she had relocated to Alabama. Therefore, we conclude that the trial court erred in granting the husband’s motion to dismiss. See Webster v. Webster, 517 So.2d 5, 7 (Ala.Civ.App.1987) (concluding, in a divorce ease in which the husband argued that the trial court lacked jurisdiction because neither he nor his wife had been residents of Alabama for six months prior to the filing of the wife’s complaint, that the evidence “amply supported]” a finding that the husband was domiciled in Alabama because, among other reasons, the husband’s job was in Alabama, the home owned by the parties was in Alabama, and the parties’ children were enrolled in school in Alabama). Accordingly, we reverse the trial court’s judgment and remand the cause for proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. The record on appeal reveals that the wife and her daughter-in-law had been sued by two corporations owned by the husband for allegedly converting approximately $427,000 of those corporations’ funds.