THOMPSON, Presiding Judge.
On May 24, 2013, Ahmed Alakel (“the husband”) filed a complaint seeking a divorce from his wife, Rasha Alsaikhan (“the wife”). In his complaint, the husband alleged, among other things, that the parties *927 were married in Saudi Arabia in 2003, that two children had been born of the marriage, and that the parties were incompatible. The husband sought only a divorce from the wife. In the divorce complaint, the husband did not seek an award of custody of the parties’ minor children.
The wife answered and counterclaimed, seeking custody of the minor children. In November 2013, the husband filed an amended complaint in which he asserted a claim seeking custody of the children.
In February 2014, the wife sought to withdraw her answer and counterclaim, and she filed a motion to dismiss the action for want of subject-matter jurisdiction. In her February 17, 2014, motion to dismiss, the wife argued that the parties were citizens of Saudi Arabia living in the United States on student visas and that the parties had never intended to be domiciled in the United States.[1] Accordingly, the wife argued, the trial court lacked subject-matter jurisdiction over the husband’s divorce action.
The trial court conducted a hearing over the course of two days. After receiving some testimony on the issue of jurisdiction, the trial court conducted an off-the-record conference with the parties’ attorneys on the issue of jurisdiction. The trial court then resumed the hearing and orally denied the wife’s motion to dismiss. The trial court did not enter a written order explicitly denying the wife’s motion to dismiss. We conclude, though, that the denial of that motion was implicit in the judgment, discussed infra, in which the trial court purported to divorce the parties.
The trial court then proceeded to receive evidence on the merits of the husband’s claims. At the end of the first day of the hearing, the trial court ordered the wife to travel to Texas and to return with the children so that the husband could visit with them. Two days later, on February 21, 2014, the hearing resumed, and the trial court entered into the record an agreement reached by the parties that included provisions pursuant to which the family could return to Saudi Arabia to address the issues concerning the wife’s and the children’s expired visas.
On February 24, 2014, the trial court entered a judgment incorporating the terms of the parties’ agreement. The trial court purported to divorce the parties, to fashion a property division, and to award the parties joint legal and physical custody of the children. The wife filed a post-judgment motion in which, among other things, she again argued that the trial court lacked subject-matter jurisdiction over the action. The trial court denied the wife’s postjudgment motion, and the wife timely appealed. The wife has raised several issues on appeal. The jurisdictional argument is dispositive of this appeal, and, for that reason, we do not reach the other issues raised by the wife in her appeal to this court.
Section 30-2-5, Ala.Code 1975, provides that “[w]hen the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for six months next before the filing of the complaint, which must be alleged in the complaint and proved.” If the residency requirements set forth in § 30-2-5 are not met, the trial court lacks jurisdiction over the divorce action. Chavis v. Chavis, 394 So.2d 54, 55 (Ala.Civ.App.1981); Seymour v. Seymour, 597 So.2d 1368, 1369 (Ala.Civ.App.1992). The wife contends that neither she nor the husband is a resident of Alabama for the purposes of *928 § 30-2-5 and, therefore, that the trial court lacked jurisdiction over the divorce action.
It is well settled that, for the purposes of § 80-2-5, residence is equivalent to domicile. Ex parte Ferguson, 15 So.3d 520, 522 (Ala.Civ.App.2008); Skieff v. Cole-Skieff, 884 So.2d 880, 883 (Ala.Civ.App.2003); Livermore v. Livermore, 822 So.2d 437, 442 (Ala.Civ.App.2001); and Webster v. Webster, 517 So.2d 5, 7 (Ala.Civ.App.1987).
“ ‘ “Domicile is defined as residence at a particular place accompanied by an intention to stay there permanently, or for an indefinite length of time.” Nora v. Nora, 494 So.2d 16, 17 (Ala.1986). A person’s domicile continues until a new one is acquired. Id.’ ”
Ex parte Ferguson, 15 So.3d at 522 (quoting Fuller v. Fuller, 991 So.2d 285, 290 (Ala.Civ.App.2008)). Black’s Law Dictionary 592 (10th ed.2014) defines “domicile” as “[t]he place at which a person has been physically present and that the person regards as home; a person’s true, fixed, principal, and permanent home, to which that person intends to return and remain even though currently residing elsewhere.” This court has noted that when a person lives in one location, his or her intent to return to another location is of primary importance in determining the issue of the person’s domicile. Livermore v. Livermore, 822 So.2d at 442 (citing Andrews v. Andrews, 697 So.2d 54, 56 (Ala.Civ.App.1997), and Jacobs v. Ryals, 401 So.2d 776, 778 (Ala.1981)).
With regard to principles governing the concept of domicile, our supreme court has stated:
“ ‘[A] domicile, once acquired, is presumed to exist until a new one has been gained “facto et animo” ... And in order to displace the former, original domicile by the acquisition of one of choice, actual residence and intent to remain at the new one must concur. “Domicile of choice is entirely a question of residence and intention, or, as it is frequently put, of factum and animus.” ...
“ ‘A change of domicile cannot be inferred from an absence, temporary in character, and attended with the requisite intention to return. To the fact of residence in the new locality there must be the added element of the animus manendi before it can be said that the former domicile has been abandoned. The intention to return is usually of controlling importance in the determination of the whole question....
“ ‘... As a general proposition a person can have but one domicile, and when once acquired is presumed to continue until a new one is gained facto et animo, and what state of facts constitutes a change of domicile is a mixed question of law and fact....
“ ‘One who asserts a change of domicile has the burden of establishing it.... And “where facts are conflicting, the presumption is strongly in favor of an original, or former domicile, as against an acquired one,” etc. ...’”
Jacobs v. Ryals, 401 So.2d at 778 (quoting Ex parte Weissinger, 247 Ala. 113, 117, 22 So.2d 510, 513-14 (1945)).
The evidence presented at the first day of the hearing indicates, among other things, that the husband and the wife had lived their entire lives in Saudi Arabia before coming to the United States. The parties married in Saudi Arabia, and their children were born there. The family arrived in the United States in August 2012. The husband is in the United States on an “F-l” student visa; he attends the University of South Alabama. The husband was taking English classes and seeking a degree in respiratory therapy, which the par *929 ties believed would take him approximately four years to complete. The wife and the children came to the United States on visitor’s visas that expired in August 2013. The parties agreed that they had intended that the wife and the children would return to Saudi Arabia at Christmas 2012 in order to obtain another type of visa, apparently student visas, that would enable them to stay in the United States while the husband completed his education here.
However, in November 2012, the wife left the husband, and she and the children lived in a “safe house,” apparently a women’s shelter, in Mobile for one month. The wife and the children left the “safe house” in Alabama in December 2012, and they moved out of state to another “safe house.” The exact whereabouts of the wife and the children were unknown to the husband for more than one year. We note that, during the course of the hearing, it was made clear that the wife and the children had moved to Texas, although their specific location was not disclosed because of the wife’s allegations that the husband had committed acts of domestic violence.
The wife testified that she had come to Alabama with the intention of returning to her home in Saudi Arabia after the husband completed his education. At the time of the hearing, the wife, who was at that time living in Texas, stated that she intended to return to Saudi Arabia at the completion of the divorce proceedings. The wife did not own property in Alabama, and she did not have any United States government-issued identification.
The wife testified that, at some point between August 2012 and November 2012, she applied for admission to the University of South Alabama to obtain her master’s degree. The wife testified that it would take her two years to complete that degree. However, the record contains no evidence as to whether the wife’s admission application for that master’s program was accepted or denied.
The husband testified that, after arriving in the United States, the wife told him that she would like to live in the United States' permanently. The husband presented evidence indicating that, after the parties arrived in the United States, the wife filled out a form seeking to alter her visa from a visitor’s visa to a student visa. The wife admitted that she had completed that form, but she disputed that she had signed it. Regardless, it is undisputed that that visa application was never submitted to any government agency.
The husband asserts that the wife’s application for a student visa, which the wife never submitted to any government agency, and the wife’s application to attend the University of South Alabama indicate her desire to stay in the United States, as did his testimony that the wife had told him that she wanted to stay permanently in the United States. The record demonstrates that the wife came to Alabama from Saudi Arabia in August 2012. The wife left Alabama for Texas in December 2012 and had been living in Texas for five months at the time the husband filed his May 24, 2013, divorce complaint. The wife contends that she was and has been living in the United States with the intention of returning to her home in Saudi Arabia. Even assuming that the trial court did not believe that the wife intended to return to Saudi Arabia, i.e., that she intended to remain in the United States, it is clear that the wife was not and is not a resident of Alabama. In other words, the record contains no evidence tending to indicate that the wife lived in Alabama “ ‘ “at a particular place accompanied by an intention to stay [in Alabama] permanently.” ’ ” Ex parte Ferguson, 15 So.3d at 522. We conclude that the record is devoid of any evidence indicating that Alabama was the wife’s domi- *930 die. The record clearly demonstrates that, for the purposes of § 30-2-5, the wife was not a resident of Alabama at the time the husband filed the divorce complaint.[2]
Therefore, in order for the trial court to obtain jurisdiction over the husband’s divorce action under § 30-2-5, the husband was required to allege and prove that he is a resident of, or domiciled in, Alabama. § 30-2-5; Skieff v. Cole-Skieff, 884 So.2d at 884. In his divorce complaint, the husband alleged only that he had resided in Alabama for more than six months; the husband did not allege that he intended to remain in Alabama. At the hearing, the husband testified only that he expected his education at the University of South Alabama to take approximately four years to complete. The husband did not present any evidence tending to indicate that he intended to remain in Alabama or that he wanted to make Alabama his permanent home.
Further, the husband’s visa status indicates his intention to return to Saudi Arabia. The husband and the wife each presented evidence indicating that the husband has an “F-l” student visa. We take judicial notice that a person with a student visa is authorized to be in the United States on the condition, among others, that the person is not an immigrant and is not abandoning his or her foreign residence. 8 U.S.C. § 1101(a)(15)(F); 8 C.F.R. § 214.2(f); see also Rule 201(b), Ala. R. Evid. (“A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.”); and Fusato v. Washington Interscholastic Activities Ass’n, 93 Wash.App. 762, 772, 970 P.2d 774, 780 (1999) (affirming a trial court’s decision to take judicial notice of a matter pertaining to the status of a foreigner’s visa and stating: “We conclude the court may take judicial notice that foreign exchange or 120 VISA students rarely move in family units to the United States.”).
We note that a court in another jurisdiction, citing the fact that those persons already in the United States on visas such as student visas may seek to apply for permanent-resident status, has recognized that a person holding a visa might form an intent to change his or her domicile to the United States. See Das v. Das, 254 N.J.Super. 194, 199, 603 A.2d 139, 142 (1992) (“[Ejven where an alien has misrepresented his true intent at the time of entry and intends, contrary to the condition of the visa, to abandon his foreign residence, such an alien is not precluded as a matter of federal law from forming an actual intent to change his or her domicile.”). However, in this case, the husband *931 presented no evidence indicating that he had formed any intent to remain in Alabama and for Alabama to be his permanent place of residence or domicile. Therefore, we must conclude that the record contains no evidence to support a determination that the husband was “a bona fide resident of this state for six months next before the filing of the [divorce] complaint” so that he could initiate an action for divorce under § 30-2-5. Accordingly, the husband’s May 24, 2013, complaint seeking a divorce from the wife failed to invoke the subject-matter jurisdiction of the trial court. Skieff v. Cole-Shieff, supra; see also Chavis v. Chavis, 394 So.2d 54, 55 (Ala.Civ.App.1981) (“Our courts have no jurisdiction over the marital res where the residence requirement is not met. A judgment rendered without proof of this requirement is void for want of subject matter jurisdiction.”); and Crenshaw v. Crenshaw, 646 So.2d 144, 145 (Ala.Civ.App.1994) (“A judgment rendered without proof of the residence requirement is void for want of subject matter jurisdiction.”). The trial court did not have jurisdiction over the husband’s divorce action.
In his divorce complaint that failed to invoke the jurisdiction of the trial court, the husband did not assert a claim seeking custody of the children. After filing his May 24, 2013, complaint that failed to invoke the trial court’s subject-matter jurisdiction, the husband later amended his complaint and sought an award of custody. However, when a complaint fails to invoke a trial court’s subject-matter jurisdiction, any amendment to the complaint does not cure the initial defect, and the trial court does not obtain jurisdiction by virtue of the amended complaint. Alabama Dep’t of Corr. v. Montgomery Cnty. Comm’n, 11 So.3d 189, 193 (Ala.2008); Ex parte Owens, 65 So.3d 953, 956-57 (Ala.Civ.App.2010) (“If the former wife’s petition did not invoke the subject-matter jurisdiction of the trial court, we must conclude that the original petition was a nullity, that the purported amendment of that petition was also a nullity, and that the trial court did not have jurisdiction to do anything other than ‘dismiss the action forthwith.’ ” (quoting Cadle Co. v. Shabani, 4 So.3d 460, 463 (Ala.2008))). Similarly, because the trial court lacked subject-matter jurisdiction over the action initiated by the husband in his May 24, 2013, complaint, the trial court also lacked jurisdiction over the wife’s counterclaim seeking custody. R.J.R. v. C.J.S., 72 So.3d 643, 648 (Ala.Civ.App.2011); Blevins v. Hillwood Office Ctr. Owners’ Ass’n, 51 So.3d 317, 321-23 (Ala.2010). Thus, the trial court also lacked jurisdiction to address the issue of custody. Accordingly, because of the procedural posture of this case, this court may not reach the issue whether the trial court might have had jurisdiction over the issue of custody under the Uniform Child Custody Jurisdiction and Enforcement Act, § 30-3B-101 et seq., Ala.Code 1975.
The trial court lacked subject-matter jurisdiction over this action; therefore, any orders it entered in the action are void, and the appeal must be dismissed. Blevins v. Hillwood Office Ctr. Owners’ Ass’n, 51 So.3d at 323. The trial court is ordered to vacate the orders it entered in this action.
The wife’s request for an attorney fee on appeal is denied.
APPEAL DISMISSED WITH INSTRUCTIONS.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. The evidence indicated that the husband was in the United States on a student visa but that the wife was in the United States on a visitor’s visa.

. We also note that the husband argues that the wife intended to remain in the United States for " ' "an indefinite length of time,” ’ ” Ex parte Ferguson, 15 So.3d at 522, and that, therefore, she should be deemed to be domiciled in the United States, and, perhaps, in Alabama. In making that argument, the husband appears to refer to the fact that the date of his graduation, or the date of the completion of the divorce proceedings, is uncertain. However, the fact that the date on which the wife was to leave the United States, either at the completion of the divorce proceedings or after the husband's schooling was completed, is not established with certainty does not render the period the wife desires to remain in the United States "indefinite” merely because the date of either of those events was uncertain. The term "indefinite” means "[h]aving no fixed or definite limit.” Webster’s College Dict. (10th ed.2010). The wife’s intention to return to Saudi Arabia is clear and certain, and is to happen at the time of either of two definite occurrences, although the specific date of either of those occurrences is not immediately ascertainable.