MOORE, Judge, dissenting.
I respectfully dissent from the main opinion's affirmance of the judgment entered by the Jackson Circuit Court ("the trial court") divorcing Brian Joseph Shinnick ("the husband") and Kathryn Leann Shinnick ("the wife"). For the reasons explained below, I conclude that the trial court lacked subject-matter jurisdiction over the divorce action, and, therefore, I would dismiss the appeal with instructions to the trial court to set aside its void judgment.
Facts and Procedural History
On May 1, 2017, the husband filed in the trial court a complaint seeking a divorce from the wife. The husband attached an affidavit averring that he was "a resident of Waltham, Massachusetts," and that he had "personal knowledge that the [wife] ha[d] resided within the State of Alabama for more than six (6) months prior to the date the Complaint in this matter was filed."
On June 14, 2017, the wife filed a motion to dismiss the complaint for lack of subject-matter jurisdiction. She also filed an affidavit in support of her motion, stating, in pertinent part:
"I am currently living in Nashville, Tennessee, but am a legal resident of Massachusetts. I am not, nor have I ever been a resident of Jackson County, Alabama. The home that is owned by [the husband] and I in Alabama has been owned by me since 2006, and owned by [the husband] and I since 2008. It is occupied by renters and neither of us have lived there since our marriage in 2009.
"[The husband] and I married in the State of Georgia on August 1, 2009. Immediately after our honeymoon we moved to the State of Massachusetts and continued to live there throughout our marriage until our difficulties in May, 2016.
"During the month of June, 2016 I traveled to California for a vacation then returned to our home in Massachusetts. On June 29th, I left our home in Massachusetts and drove to my parents' home in Vincent, Shelby County, Alabama for a visit. At that time, it was my intent to return to our home in Massachusetts in August. By the time August arrived, [the husband] was so angry with me that he asked me not to return to our home and continued to ask me to not return to our home throughout the coming months, including as late as April, 2017.
"During the month of September, I visited and stayed with a friend in Nashville for a couple of weeks. During the *1128 month of October, I spent a great deal of time traveling. I stayed at my parents' home in Pisgah, Alabama, but was also in Birmingham, Oxford, Mississippi, and Knoxville, Tennessee. Around this same time my parents were moving to Florida. I returned to Massachusetts around the end of October and in early November, making two trips packing things up in a storage unit. In November I traveled to Europe, and was in Germany and France until after Thanksgiving. After I returned from Europe, for most of December I stayed with a friend in Nashville. The end of December, I left Nashville and went to stay with my parents in Florida for a while. In mid-January, I left my parents' home in Florida and traveled to their home in Jackson County. I was in Nashville for most of the end of March as well and for a couple of weeks in April. I traveled to Florida, Nashville, and Atlanta in the beginning of May. I returned to Nashville on May 17, 2017 and have been here continuously since that time.
"I have a driver's license issued by the State of Massachusetts, I vote in Massachusetts, and I continue to be enrolled in graduate school in Massachusetts. I have signed no lease nor paid any utilities nor had utilities in my name in the State of Alabama since 2009. I have not paid personal nor property taxes in the State of Alabama other than those related to the Birmingham rental home and have taken no action to change my permanent residency. In fact, I received a traffic ticket in February, 2017 in Etowah County, Alabama. The ticket was issued due to my having a Massachusetts driver's license. When I appeared in court in March, 2017, the case was dismissed based upon my argument to the judge that I had not been in Alabama for three consecutive months and was still in fact a resident of the State of Massachusetts."
On August 7, 2017, the husband filed a response to the wife's motion to dismiss, but he did not include any evidence in support thereof.
On August 8, 2017, the trial court held a hearing on the motion to dismiss. The wife did not personally appear, but was represented by counsel. The husband appeared and was represented by counsel. The husband testified that the parties were living in Massachusetts when they began the process of separating. He testified that, in May or June 2016, they moved into separate bedrooms. According to the husband, on June 25, 2016, the wife sent him an e-mail message informing him that she was going to spend the summer in Alabama and stating further: "I am packing up my things to take with me and leaving the rest of my stuff mostly packed so that I can easily come back to get it once I decide where I will live next." The husband testified that, at that time, the wife had "move[d] all her bank statements" to Vincent, Alabama, where the wife's parents were living. According to the husband, the wife's parents sold their house in Vincent in the fall of 2016, and the wife moved to Pisgah, Alabama. He testified that the wife had lived in Pisgah until she moved back to Massachusetts three weeks before the hearing was scheduled on the motion to dismiss, which would have been in July 2017. The husband introduced documentary evidence supporting his testimony, including documents indicating that the wife had used the Pisgah address as her home address on her resume and bank statements; he also introduced a social-media post in which the wife referred to Northeast Alabama as "home."
On August 9, 2017, the trial court entered an order denying the wife's motion to dismiss. On September 22, 2017, the wife filed a verified "Restated Motion to *1129 Dismiss for Lack of Jurisdiction." She stated, in pertinent part:
"4. The parties have lived at th[eir] residence [in Massachusetts] continually since shortly after their 2009 marriage in the State of Georgia. The parties have never resided anywhere else. This fact creates a legal presumption that the domicile of the parties is in Massachusetts.
"5. After problems surfaced in the marriage, the wife felt that she could no longer reside with the husband and left to stay with her parents. The wife spoke with the husband about returning to the home in August 2016 but the husband objected and asked the wife not to return. The wife continued to request to return home, even as late as April of 2017. Eventually, both parties were absent from the marital residence for a period [of] time. The husband later vacated the marital residence allowing the wife to feel safe enough to return, which she did. She still resides there today.
"....
"9. The parties pay property taxes on the marital residence in Massachusetts. The only property taxes paid in Alabama are for a house that they rent out to other people in Birmingham. The parties have never lived there as husband and wife.
"10. The parties' vehicle is titled in Massachusetts. They own no vehicles titled in Alabama....
"11. The real property which is alleged by the husband to be the residence of the wife is actually rental property owned by the wife's father located at Gorham's Bluff. The wife's father had no intention of allowing the wife to reside permanently in the Gorham's Bluff property as that causes him a loss of rental income. It does not appear that this information was clearly conveyed to the trial court during the previous hearing. The trial court asked if the parties owned property in Massachusetts and the husband's counsel advised[:] 'They have property in Massachusetts and Alabama.' Transcript August 8, 2017, 7:20-21. Although that is a true statement, it does not clarify that the parties have never resided in or owned the Gorham's Bluff property. The parties have stayed there on occasions when visiting Alabama. The property owned by the parties is rental property located in Birmingham, Alabama and the parties have never lived there while married."
The wife attached several exhibits, including a portion of the parties' 2016 joint income-tax return indicating that certain property in Birmingham owned by the parties had been rented during the entirety of 2016; a statement from "Health Insurance Marketplace," for the period January 1 through December 31, 2016, that was sent to the wife at the address of the marital home in Massachusetts; photographs of the wife's Massachusetts driver's license and vehicle license plate; and a copy of a "2016 Form One, Massachusetts Residents Income Tax Return," which bore both the husband's and the wife's names and specified that the form was for "Full Year Residents Only."
On September 30, 2017, the wife filed an answer to the husband's complaint for a divorce in which she specified that she was not waiving her jurisdictional challenge.
On October 3, 2017, the parties appeared before the trial court for a hearing. The wife's attorney initially argued the restated motion to dismiss and requested that the wife be allowed to testify regarding the jurisdictional issue; the trial court orally denied the motion to dismiss without allowing further testimony. The parties then proceeded to negotiate a settlement agreement. After the settlement agreement *1130 was negotiated, the following colloquy took place:
"[THE COURT:] So is your client agreeing that this Court has jurisdiction over the parties and the marital issues?
"[ATTORNEY FOR THE WIFE]: As much as she can agree to such legally, Judge, yes.
"THE COURT: Is she agreeing that she has lived in Jackson County, Alabama prior to her recent move back to Massachusetts?
"[ATTORNEY FOR THE WIFE]: She agrees that she did live here for some time prior to her move.
"THE COURT: Either she agrees that I have jurisdiction to enter this order, or she doesn't; now that's just the way it is.
"[ATTORNEY FOR THE WIFE]: She does, Your Honor.
"THE COURT: Is that true?
"[THE WIFE]: Yes, ma'am."
Thereafter, on November 9, 2017, the trial court entered a judgment divorcing the parties based upon the parties' settlement agreement. On December 11, 2017, the wife filed a motion to vacate the divorce judgment and to dismiss the case; that motion was denied on January 11, 2018. The wife filed her notice of appeal on February 16, 2018.
Discussion
On appeal, the wife first argues that the trial court lacked subject-matter jurisdiction to enter the divorce judgment in this case.
Initially, I point out that a party to an action cannot confer subject-matter jurisdiction by agreement; thus, the statements by the wife and the wife's attorney indicating that the wife agreed that the trial court had jurisdiction to enter a judgment on the parties' settlement agreement does not settle the issue of jurisdiction. See, e.g., Weith v. Weith, 263 So.3d 715, 718 (Ala. Civ. App. 2018) (holding that jurisdiction to enter a divorce judgment cannot be conferred by agreement); Orban v. Orban, 123 So.3d 525, 527-28 (Ala. Civ. App. 2012) (holding that parties' agreement that the Alabama trial court had jurisdiction was insufficient to confer jurisdiction). Furthermore, the husband's "mere statement ... that [the wife] is a resident of the State of Alabama and has been such 'for the length of time required by law' is insufficient to meet the jurisdictional requirement that the [wife] be domiciled in this state, the [husband] not being shown to be domiciled here." Volin v. Volin, 272 Ala. 85, 87, 128 So.2d 490, 491 (1961).
Recently, in Weith, this court set forth the law concerning the residency requirements for subject-matter jurisdiction in a divorce action:
" Section 30-2-5[, Ala. Code 1975,] provides that, '[w]hen the defendant [in a divorce action] is a nonresident, the other party to the marriage must have been a bona fide resident of this state for six months next before the filing of the complaint, which must be alleged in the complaint and proved.' 'If the residency requirements set forth in § 30-2-5 are not met, the trial court lacks jurisdiction over the divorce action.' Alsaikhan v. Alakel, 173 So.3d 925, 927 (Ala. Civ. App. 2015). 'The parties cannot by agreement confer jurisdiction.' Hilley v. Hilley, 275 Ala. 617, 619, 157 So.2d 215, 218 (1963).
" 'It is well settled that, for the purposes of § 30-2-5, residence is equivalent to domicile. Ex parte Ferguson, 15 So.3d 520, 522 (Ala. Civ. App. 2008) ; Skieff v. Cole-Skieff, 884 So.2d 880, 883 (Ala. Civ. App. 2003) ; Livermore v. Livermore, 822 So.2d 437, 442 (Ala. Civ. App. 2001) ; and *1131 Webster v. Webster, 517 So.2d 5, 7 (Ala. Civ. App. 1987).
" ' " ' "Domicile is defined as residence at a particular place accompanied by an intention to stay there permanently, or for an indefinite length of time." Nora v. Nora, 494 So.2d 16, 17 (Ala. 1986). A person's domicile continues until a new one is acquired. Id.' "
" ' Ex parte Ferguson, 15 So.3d at 522 (quoting Fuller v. Fuller, 991 So.2d 285, 290 (Ala. Civ. App. 2008) ). Black's Law Dictionary 592 (10th ed. 2014) defines "domicile" as "[t]he place at which a person has been physically present and that the person regards as home; a person's true, fixed, principal, and permanent home, to which that person intends to return and remain even though currently residing elsewhere." This court has noted that when a person lives in one location, his or her intent to return to another location is of primary importance in determining the issue of the person's domicile. Livermore v. Livermore, 822 So.2d at 442 (citing Andrews v. Andrews, 697 So.2d 54, 56 (Ala. Civ. App. 1997), and Jacobs v. Ryals, 401 So.2d 776, 778 (Ala. 1981) ).
" 'With regard to principles governing the concept of domicile, our supreme court has stated:
" ' " '[A] domicile, once acquired, is presumed to exist until a new one has been gained "facto et animo" ... And in order to displace the former, original domicile by the acquisition of one of choice, actual residence and intent to remain at the new one must concur. "Domicile of choice is entirely a question of residence and intention, or, as it is frequently put, of factum and animus." ...
" ' " 'A change of domicile cannot be inferred from an absence, temporary in character, and attended with the requisite intention to return. To the fact of residence in the new locality there must be the added element of the animus manendi before it can be said that the former domicile has been abandoned. The intention to return is usually of controlling importance in the determination of the whole question....
" ' " '... As a general proposition a person can have but one domicile, and when once acquired is presumed to continue until a new one is gained facto et animo, and what state of facts constitutes a change of domicile is a mixed question of law and fact....
" ' " 'One who asserts a change of domicile has the burden of establishing it.... And "where facts are conflicting, the presumption is strongly in favor of an original, or former domicile, as against an acquired one," etc. ...' "
" ' Jacobs v. Ryals, 401 So.2d at 778 (quoting Ex parte Weissinger, 247 Ala. 113, 117, 22 So.2d 510, 513-14 (1945) ).'
" Alsaikhan, 173 So.3d at 928."
263 So.3d at 718-19.
In Weith, this court concluded that, although the wife, who was the plaintiff in that divorce action, had lived in Alabama for the requisite six-month period, she had made the decision to remain in Alabama less than a month before she filed her complaint for a divorce. 263 So.3d at 720. Therefore, this court concluded that the trial court had lacked subject-matter jurisdiction to divorce the parties in that case. This court discussed and distinguished Hamilton v. Hamilton, 12 So.3d 1236 (Ala. Civ. App. 2009), in which this court considered *1132 whether the wife in that case, who had relocated with her daughter to Alabama from Mississippi approximately 11 months before she had filed for a divorce in Alabama, was domiciled in Alabama for purposes of § 30-2-5. The evidence in Hamilton indicated that the wife in that case had testified that, "since she and the daughter had relocated in June 2007, she had enrolled the daughter in school, she had been issued an Alabama driver's license, she had been issued an Alabama motor-vehicle tag, she had registered to vote, and she had purchased a retail clothing business." 12 So.3d at 1238. This court concluded that the wife had presented "substantial evidence indicating that she intended to stay in Alabama permanently or, at the very least, for an indefinite length of time" such that the Alabama court had jurisdiction to divorce the parties. 12 So.3d at 1239.
In the present case, in order to satisfy the jurisdictional requirements of § 30-2-5, the wife, who was the defendant in this divorce action, must have been a resident of Alabama at the time the husband, who was the plaintiff in this divorce action and was undisputedly a nonresident of Alabama, filed the divorce action. The evidence in this case indicated that, after the parties began having marital difficulties, the wife had traveled to Vincent, Alabama, to spend the summer with her parents. After her parents moved from Vincent to Florida in the fall of 2016, the wife began staying in her parents' rental home in Alabama, as well as continuing to travel and spend time in various parts of Alabama and in other states, for weeks at the time; she also traveled out of the country for an extended period. She stayed in her parents' rental house and traveled extensively until the husband vacated the marital home and she moved back into that home in July 2017. The wife maintained a Massachusetts driver's license, she was registered to vote in Massachusetts, and she maintained her vehicle registration in Massachusetts. She was enrolled in graduate school in Massachusetts and had not signed a lease for a residence in Alabama or maintained any utilities in her name in Alabama. There was no evidence indicating that the wife owned any property in Alabama other than the rental house that the parties owned but had not lived in since they married in 2009. Additionally, the parties filed a "2016 Form One, Massachusetts Residents Income Tax Return," which bore both the husband's and the wife's names and specified that the form was for "Full Year Residents Only." Unlike the wife in Hamilton, the wife in the present case took no steps to make her move to Alabama, which was initially intended to be temporary, a permanent change of residence. Indeed, by the time of the initial hearing on the motion to dismiss, the wife had returned to Massachusetts to live. Moreover, the wife's use of an Alabama address on her resume and her bank accounts was insufficient to overcome the presumption against a change of domicile. See, e.g., Jacobs v. Ryals, 401 So.2d 776, 778 (Ala. 1981) (holding that a use of an Antigo address was insufficient to show a change of domicile from Loxley to Antigo). Therefore, I conclude that, with regard to whether the wife obtained a domicile in Alabama, this case is like Weith in that the "intent to remain" portion of the domicile inquiry was not met and that Hamilton is distinguishable from the present case.
As noted previously, the wife's Massachusetts domicile was "presumed to exist until a new one [was] gained 'facto et animo' " and could be replaced only by an "actual residence and intent to remain" in Alabama. Weith, 263 So.3d at 720. Although the wife in the present case did reside in Alabama for a period of time, there is insufficient evidence indicating that she intended to remain here instead of returning to her former domicile of *1133 Massachusetts at the time the complaint was filed. Weith, 263 So.3d at 718-19 ; see also Alsaikhan v. Alakel, 173 So.3d 925, 928 (Ala. Civ. App. 2015) (quoting Jacobs v. Ryals, 401 So.2d at 778 ) (noting that " ' "intention to return is usually of controlling importance in the determination of the whole question [of domicile]" ' ").
"A judgment rendered without proof of [the residency requirement of § 30-2-5 ] is void for want of subject matter jurisdiction." Chavis v. Chavis, 394 So.2d 54, 55 (Ala. Civ. App. 1981) ; see also Weith, 263 So.3d at 720. "Because a void judgment will not support an appeal, [I would] dismiss the appeal, albeit with instructions to the trial court to set aside its void divorce judgment." Weith, 263 So.3d at 720. Because the trial court lacked subject-matter jurisdiction over this action, I would pretermit discussion of the remaining arguments raised on appeal.